MISSOURI VALLEY INTERCOLLEGI-ATE ATHLETIC ASSOCIATION, Sometimes Referred to as the Big Eight Conference, Appellant,

v.

E. O. BOOKWALTER, District Director of Internal Revenue for the Western District of Missouri, Appellee.

No. 16349.

United States Court of Appeals Eighth Circuit.

April 5, 1960.

Rehearing Denied May 2, 1960.

Charles W. Hess, Kansas City, Mo., for appellant.

John J. Gobel, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee.

Before VOGEL, VAN OOSTERHOUT and MATTHES, Circuit Judges.

VOGEL, Circuit Judge.

■ This is an appeal from the District Court's judgment dismissing taxpayer-appellant's complaint which sought an abatement of Withholding and F.I.C.A. taxes assessed against it and an injunction prohibiting the collection of such taxes. Taxpayer-appellant is an association of state colleges and universities, referred to generally as the Big Eight Conference, organized for the purpose of controlling and managing intercollegiate athletics among its member institutions. Appellee is the District Director of Internal Revenue for the Western District of Missouri. On December 12, 1958, the Director demanded of the taxpayer payment of $5,580.75 in Withholding and F.I.C.A. taxes for the years 1953 to 1957 due from it because of its alleged employment of football, basketball and track officials at games and meets participated in by its members. The Director, in the event of nonpayment, threatened to levy upon the taxpayer's funds. Taxpayer's complaint contended that it was not the employer of the officials referred to, with the exception of the Conference track meet starter and the referees for the Christmas Basketball Invitational Tournament, but that they were paid by the individual members of the association. It then asserted that the assessments were "illegal, invalid and void and should be abated", that it had no adequate remedy at law, and that it " * * * will suffer irreparable damage in the event of said illegal collection "from its funds unless this court restrain and enjoin the defendant from making said collection of a tax due from others." The Director moved to dismiss the complaint on the ground that it was barred by Section 7421(a) of the Internal Revenue Code of 1954, 26 U.S.C.A. § 7421(a). The District Court granted the motion upon the authority of that section and this court's decision in Kaus v. Huston, 8 Cir., 1941, 120 F.2d 183. This appeal followed.

Section 7421(a) provides that " * * * no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court." To avoid the prohibition of this section, taxpayer relies upon Miller v. Standard Nut Margarine Co., 1932, 284 U.S. 498, 52 S.Ct. 260, 76 L.Ed. 422, wherein the Supreme Court construed the predecessor statute to § 7421(a) and stated that:

" * * * this court likewise recognizes the rule that, in cases where complainant shows that in addition to the illegality of an exaction in the guise of a tax there exist special and extraordinary circumstances sufficient to bring the case within some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collector. Dows v. Chicago, 11 Wall. 108 [20 L.Ed. 65]. Hannewinkle v. Georgetown, 15 Wall. 547 [21 L.Ed. 231]. [In re] State Railroad Tax Cases, 92 U.S. 575, 614 [23 L.Ed. 663]. * * * This court has given effect to section 3224 in a number of cases. Snyder v. Marks, 109 U.S. 189, 191 [3 S.Ct. 157, 27 L.Ed. 901]. Dodge v. Osborn, 240 U.S. 118, 121 [36 S.Ct. 275, 60 L.Ed. 557]. Dodge v. Brady, 240 U.S. 122 [36 S.Ct. 277, 60 L.Ed. 560]. It has never held the rule to be absolute, but has repeatedly indicated that extraordinary and exceptional circumstances render its provisions inapplicable. Hill v. Wallace, 259 U.S. 44, 62 [42 S.Ct. 453, 66 L.Ed. 822]. Dodge v. Osborn, supra, [page] 12 [of 240 U.S. 36 S.Ct. 275]. Dodge v. Brady, supra. Cf. Graham v. du Pont, 262 U.S. 234, 257 [43 S.Ct. 567, 67 L.Ed. 965]. Brushaber v. Union Pacific R. Co., 240 U.S. 1 [36 S.Ct. 236, 60 L.Ed. 493]." (Emphasis supplied.) 284 U.S. at pages 509–510, 52 S.Ct. at page 263.

In that case the taxpayer made and sold a product not taxable under the Oleomargarine Act. The Commissioner,

nonetheless, directed that the tax be enforced against plaintiff's product which act would have destroyed his business. That decision, then, is clearly distinguishable from the instant action. The taxpayer here does not claim that the tax, itself, is illegal, but rather questions only whether its member schools and not it are liable for the amount assessed. The assessment is not "an exaction in the guise of a tax". Moreover, taxpayer admits that it was the employer of some game officials so that, in reality, the dispute is solely over the *amount* of the tax due, which issue cannot justify the exercise of equity jurisdiction.

The situation here is quite similar to that confronting this court in Kaus v. Huston, supra, which involved an action to enjoin the collection of taxes assessed against the taxpayer under the provisions of the Social Security Act, 42 U.S.C.A. § 301 et seq., in regard to drivers of taxicabs which he owned. Taxpayer there claimed not to be the employer of the drivers and asserted the illegality of the taxes and that the collection of them would cause him irreparable injury. This court, speaking through Judge John Sanborn, stated at page 185 of 120 F.2d:

"The court below in its findings determined that the appellant was the operator of the cabs and the employer of the drivers, and concluded that he had failed to establish a case entitling him to an injunction. Whether the appellant was, under the stipulation of facts and the evidence upon which the case was submitted, a lessor, a bailor or an operator of taxicabs, and whether the drivers were his employees or lessees or bailees of the cabs, we think it was, and is, not necessary to decide, since it is our opinion that the court lacked jurisdiction to enjoin the collection of these taxes because of § 3653, Tit. 26, U.S.C.A. Int.Rev.Code, and because the appellant had an adequate remedy at law.

"It is true that where a complainant demonstrates that what purports to be a tax is merely an exaction in the guise of a tax and that there are special and extraordinary circumstances which bring the case under some acknowledged head of equity jurisprudence, a suit may be maintained to enjoin the collection of the pseudo-tax. Miller v. Standard Nut Margarine Co., 284 U.S. 498, 509, 52 S.Ct. 260, 76 L.Ed. 422. The validity of the taxing act under which the assessments against appellant were made has been sustained. Steward Machine Co. v. Davis, 301 U.S. 548, 57 S.Ct. 883, 81 L.Ed. 1279, 109 A.L.R. 1293; Helvering v. Davis, 301 U.S. 619, 57 S.Ct. 904, 81 L.Ed. 1307, 109 A.L.R. 1319. *The assessments are for taxes, and not for exactions in the guise of taxes. The appellant may not owe them, but that does not change their nature, nor is nonliability a special or extraordinary circumstance. This case presents the ordinary situation of a taxpayer resisting payment of taxes which he believes that he does not owe.*" (Emphasis supplied.)

Taxpayer relies upon Raffacle v. Granger, 3 Cir., 1952, 196 F.2d 620; Adler v. Nicholas, 10 Cir., 1948, 166 F.2d 674; Jones v. Kemp, 10 Cir., 1944, 144 F.2d 478; and Rothensies v. Ullman, 3 Cir., 1940, 110 F.2d 590, to support its proposition that § 7421(a) does not apply to suits to restrain the assessment and collection of taxes allegedly due by third parties. Those decisions are inapplicable here as they applied to taxes due from *and assessed* against third parties. As stated by Judge Maris in Rothensies v. Ullman, supra, 110 F.2d at page 592:

" * * * the section of the Internal Revenue Code which we have quoted was not intended to deprive the courts of jurisdiction to restrain revenue officers from illegally collecting taxes out of property which does

not belong to the person indebted to the government."

Taxpayer also cites Holland v. Nix, 5 Cir., 1954, 214 F.2d 317, and Shelton v. Gill, 4 Cir., 1953, 202 F.2d 503. Unlike the instant action, in those cases the government had assessed and proceeded against transferees of the delinquent taxpayer. Thus, in Shelton v. Gill, supra, 202 F.2d at page 507, the court stated:

"* * * it is conceded by the motion of the Collector to dismiss the complaints that the taxes which he seeks to collect from the proceeds of the plaintiffs' properties are the obligations of Duckworth and Shelton, Sr. and not of the plaintiff; and that Shelton, Jr. has received nothing from Duckworth and the corporation has received nothing from either Duckworth or Shelton, Sr. for which full value was not paid. The unjust and arbitrary character of the exaction is therefore manifest; and when we also take into consideration that the tax claims far exceed in amount the net worth of the plaintiffs and that the seizure and sale of the other properties would ruin them financially and inflict a loss from which they have no adequate remedy at law, we have no difficulty in finding the special and extraordinary circumstances which take the transferees out of the scope of the prohibitory statute and justify relief in a court of equity."

■ Taxpayer's complaint simply disputes whether or not it was the employer of all Conference football, basketball and track officials. It must be conceded that the taxpayer has an adequate remedy at law in that it may pay the tax and thereafter sue for its refund. Additionally, the mere conclusion of its complaint that it will suffer irreparable harm in the event of collection of the tax, unaccompanied by the allegation of supporting facts, is insufficient to establish the "special and extraordinary circumstances" required for the exercise of equity jurisdiction by the dual test of Miller v. Standard Nut Margarine Co., supra.

Dyer v. Gallagher, 6 Cir., 1953, 203 F.2d 477. See, also Dodge v. Osborn, 1916, 240 U.S. 118, 121–122, 36 S.Ct. 275, 60 L.Ed. 557. We therefore conclude that the District Court was correct in granting the motion to dismiss.

Affirmed.