Arthur J. SINGER, Petitioner-Appellant,

v.

DISTRICT DIRECTOR OF INTERNAL REVENUE and David LeSchack, as Trustee, Respondents-Appellees.

In the Matter of DUNCAN–STEWART INDUSTRIES, LTD., Bankrupt.

No. 107, Docket 29740.

United States Court of Appeals Second Circuit.

Argued Dec. 6, 1965.

Decided Jan. 12, 1966.

Nachamie & Benjamin, New York City, for petitioner-appellant.

Julius Rolnitzky, Sp. Asst. U. S. Atty., Robert M. Morgenthau, U. S. Atty., for Southern Dist. of New York, Robert Kushner, Asst. U. S. Atty., Joseph Kovner, Atty., Dept. of Justice, New York City, for respondent-appellee District Director of Internal Revenue.

Jacob W. Friedman, New York City, for respondent-appellee David B. Le-Schack, as trustee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Arthur J. Singer, an officer of the bankrupt Duncan-Stewart Industries, Ltd., moved for subrogation to the priority of the United States for taxes in the amount which he as responsible corporate officer had been required under 26 U.S. 6672 to pay because he had willfully failed to collect, account for, and pay over withholding taxes owed by the bankrupt corporation. The motion was denied by Referee Loewenthal, and on petition for review the denial was affirmed by the United States District Court for the Southern District of New York in a memorandum opinion by Thomas F. Croake, District Judge. We find no error and affirm the order of the District Court.

The United States filed proof of claims against the bankrupt for withholding taxes in the amount of $9,390.46. Later, in 1961 the United States under 26 U.S.C. 6672 collected from Singer, as responsible corporate officer, $7,397.16 and thereafter reduced its withholding tax claims by that amount less interest. At the time there were no assets in the estate, but by 1964 some $14,000.00 had been acquired for the estate by litigation. The United States has additional tax claims against the bankrupt, not contested by the trustee, of over $14,000.00.

The Referee and the District Court based their denial of Singer's claim for subrogation on the separate nature of the responsible officer's liability under the statute from that of the corporation. Whether for the purpose of determining rights to subrogation we must always treat this liability as "utterly separate," as it has been treated for other purposes, see Rosenberg v. United States, 327 F.2d

362 (2 Cir. 1964); Bloom v. United States, 272 F.2d 215 (9 Cir. 1959), cert. denied 363 U.S. 803, 80 S.Ct. 1236, 4 L. Ed.2d 1146 (1960); United States v. Mr. Hamburg Bronx Corp., 228 F.Supp. 115 (SDNY 1964), we need not here determine, for even if a right to subrogation might exist in some cases, payment in performance of a liability created by a statute designed to insure more effective collection of government revenues cannot entitle the payor to compete with the balance of the government's claim, which consists partly of the balance of the withholding tax claim and partly of an additional fourth priority tax claim. Denial of subrogation to a preferred position here does not result, as Singer contends, in any windfall to general creditors, but merely prevents defeat of a portion of the other tax claims of the United States.

The order denying the petition for review is affirmed.