Terrance M. KELLY, Appellant,

v.

George O. LETHERT, as District Director of Internal Revenue, District of Minnesota, Appellee.

No. 18182.

United States Court of Appeals Eighth Circuit.

June 30, 1966.

Joe A. Walters, of O'Connor, Green, Thomas, Walters & Kelly, Minneapolis, Minn., for appellant; Robert J. Christianson, Jr., and Jean J. Chaput, of O'Connor, Green, Thomas, Walters & Kelly, Minneapolis, Minn., on the brief.

Mark S. Rothman, Atty., Tax Div., Dept. of Justice, Washington, D. C., for appellee; C. Moxley Featherston, Acting Asst. Atty. Gen., Lee A. Jackson, Joseph Kovner, Attys., Tax Div., Dept. of Justice, Washington, D. C., and Miles W. Lord, U. S. Atty., Minneapolis, Minn., on the brief.

Before MATTHES and GIBSON, Circuit Judges, and HUNTER, District Judge.

GIBSON, Circuit Judge.

This appeal is from an order by the United States District Court for the District of Minnesota, dismissing appellant Terrance M. Kelly's complaint, which sought to enjoin the District Director of Internal Revenue from collecting assessed but unpaid taxes under Section 6672 of the Internal Revenue Code of 1954, arising out of the non-payment of withholding taxes and Federal Insurance Contributions Act taxes for the calendar year 1962, due by J. D. Davis Company, Inc., a bankrupt; and to have declared null and void the assessment of certain liabilities against him.

J. D. Davis Company, Inc., was incorporated under the laws of Minnesota in 1960, and engaged in creating, manufacturing and distributing decorative wall accessories. On May 15, 1962, this corporation filed with the United States District Court, District of Minnesota, a petition for Arrangement under Chapter XI of the Bankruptcy Act. At the time of this filing, there existed accrued but unpaid withholding taxes and Federal Insurance Contributions Act (F.I.C.A.) taxes for the first and second quarters of 1962, in an amount exceeding $19,000.00. On November 1, 1962, J. D. Davis Company was adjudicated a bankrupt, and the Referee in the Chapter XI Arrangement entered an order directing that bankruptcy be proceeded with. On that date, the corporation had accrued but unpaid withholding and F.I.C.A. taxes of $7,385.76 that were attributable to the time between the filing of the Chapter XI petition in May, 1962, and the actual adjudication of bankruptcy in November of that year.

During the entire period in which the above liability was incurred by J. D. Davis Company, i. e., the four quarters of 1962, appellant admits that he was a director, vice-president and treasurer of the corporation, and further, that by virtue of these offices he was one of five officers authorized to sign payroll checks during the first half of 1962, and one of three officers authorized to sign checks on the general account during this same period.

The Government has filed proofs of claim against the bankrupt estate of the corporation for the unpaid withholding and F.I.C.A. taxes which accrued both prior and subsequent to the filing of the Chapter XI petition in May, 1962. The unpaid taxes due from the bankrupt estate were $7,385.76, which accrued between the Chapter XI petition and the final adjudication of bankruptcy, and $19,229.00, which is the amount accrued prior to the Chapter XI petition. Of the $13,701.00 held by the Trustee in Bankruptcy, a tentative allocation made by the Trustee is as follows:

"Estimated expenses of administration in the bankruptcy liquidation proceeding ............... $ 500.00
Expenses of the preceding Chapter XI Arrangement ................. 9,000.00
Preferred wage claims .... 4,080.00."

Included in the $9,000.00 computation are the withholding and F.I.C.A. taxes amounting to over $7,000.00, accrued since the Chapter XI petition. No provision has been made in a tentative allocation of the distribution of the assets of the bankrupt estate on hand for the payment of any of the taxes which were accrued prior to the Chapter XI petition, though the Government believes $1,044.81 will be available for this purpose, which would leave an unpaid trust fund liability of J. D. Davis Company of approximately $19,160.32.

On August 21, 1964, a 100% penalty in the amount of $20,346.09 was assessed against the appellant and two other officers of J. D. Davis Company, Inc., under Section 6672 of the Internal Revenue Code of 1954, for the withholding and F.I.C.A. taxes that the corporation had failed to pay for the four quarters of

1962, as noted,[1] notwithstanding the fact that the Government had previously filed a proof of claim with the bankrupt estate of the corporation. This assessment was made after rejection of the protests of appellant and the other corporate officers so assessed wherein they contended that they were not the officers of the corporation who were responsible for the failure to pay the accrued but unpaid taxes. The appellant then filed the complaint which is the subject of the instant appeal, alleging that in addition to the bankruptcy assets of the corporation which the Trustee presently has, there also exist certain substantial accounts receivable that the Trustee is in the process of collecting and that in the due course of the administration of the estate of the bankrupt corporation the Government will be paid a substantial portion of the debt due from the corporation. Hence, it is contended, if the appellant is compelled to pay this accrued but unpaid tax due from the corporation, the result will be that he will pay the tax "without any possibility of subrogation or recourse to the priority position of the United States in the bankruptcy proceedings (against the company)." For this reason, the appellant contends that the threatened levy on the assessments against him would compel him to pay taxes due from another without due process of law, and would constitute an unwarranted interference with the bankruptcy proceedings pending in the United States District Court against the corporation. He seeks an injunction, restraining all levies or other collection actions against him on the assessment or any interference with the bankruptcy proceedings. The District Director moved to dismiss the complaint on the ground that the Court lacked jurisdiction over the subject matter. The District Court granted the motion, without opinion.

The sole question now before us is whether the District Court was correct in granting the District Director's motion to dismiss appellant's complaint that sought to enjoin the collection of a tax assessed under Section 6672 of the Internal Revenue Code of 1954 (26 U.S.C. 1958 ed., Sec. 6672), which section reads as follows:

"FAILURE TO COLLECT AND PAY OVER TAX, OR ATTEMPT TO EVADE OR DEFEAT TAX.

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

(Section 6653 applies to negligence and fraud penalties, which are not in issue in this case.)

Appellant's present basic contention is, in essence, that the denial of his request for an injunction puts appellant in the "unenviable position" of satisfying the obligation of the bankrupt, without the right to seek redress from the bankrupt. This contention mistakes the basic nature of the assessment against him of which he complains; it is not the tax liability of another with which he has been charged, but his own "separate and distinct liability," as defined in Section 6672 of the Internal Revenue Code of 1954. Bloom v. United States, 272 F.2d 215 (9 Cir., 1959), cert. denied 363 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146. See also United States v. Strebler, 313 F.2d 402 (8 Cir., 1963); Botta v. Scanlon, 314 F.2d 392 (2 Cir., 1963). These decisions make it clear that the withholding tax imposed upon wages by Section 3402 is a collection through the employer at the source of

---

1. Actually, the $20,346.09 assessed against appellant was for the first and second quarters of 1962, accruing before the Chapter XI proceeding, with the exception of approximately $1,044.81, accrued after that date.

income and F.I.C.A. taxes due from the employee. This tax is deducted from the employee's wages; the employee is credited with the tax withheld and the employer is required to pay these withheld amounts, which constitute trust funds, over to the Government. As trust funds, this money belongs to the Government and is not to be used in corporate operations or to prefer certain creditors of the employer corporation. The Government has to give credit on its records to the employees who have initially paid this tax by a deduction from their wages and salaries. Thus, when the employer fails to remit these trust funds, the Government must, in effect, pay this tax, unless it can be collected from another source. That other source is provided in Sections 7501 and 6672 of the Internal Revenue Code. Section 7501, Internal Revenue Code of 1954 (26 U.S.C. 1958 ed., Sec. 7501), thus states "The liability for taxes withheld or collected," as follows:

"(a) General rule—Whenever any person is required to collect or withhold any internal revenue tax from any other person and to pay over such tax to the United States, the amount of tax so collected or withheld shall be held to be a special fund in trust for the United States. The amount of such fund shall be assessed, collected, and paid in the same manner and subject to the same provisions and limitations (including penalties) as are applicable with respect to the taxes from which such fund arose.

"(b) Penalties—For penalties applicable to violations of this section, see sections 6672 and 7202."

In the case of a corporation, the withheld trust funds may be lost in the event of liquidation or bankruptcy, as in the present instance. Hence, in order to insure collection, Section 6672 of the Internal Revenue Code of 1954, ante, imposes a personal liability for the withheld amounts upon the individual officers or agents required to collect, account for, and pay over such tax, who are responsible for the corporation's default. Although Section 6672 denominates this liability as a "penalty" it is well settled that it is, in substance, a tax. Bloom v. United States, supra; United States v. Strebler, supra; Botta v. Scanlon, supra. This interpretation is likewise abundantly clear from Section 6671 of the Internal Revenue Code of 1954 (26 U.S.C. 1958 ed., Sec. 6671), which reads as follows:

"RULES FOR APPLICATION OF ASSESSABLE PENALTIES.

(a) Penalty Assessed as Tax—The penalties and liabilities provided by this subchapter shall be paid upon notice and demand by the Secretary or his delegate, and shall be assessed and collected in the same manner as taxes. Except as otherwise provided, any reference in this title to 'tax' imposed by this title shall be deemed also to refer to the penalties and liabilities provided by this subchapter.

(b) Person Defined—The term 'person', as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs."

In light of the foregoing, there can be no doubt that any liability imposed under Section 6672, although denominated by that section as a "penalty", is in substance a tax, "and shall be assessed and collected in the same manner as taxes," and, therefore, the Section 6672 liability is a tax protected from injunction against assessment or collection by Section 7421(a) of the Internal Revenue Code of 1954 (26 U.S.C. 1958 ed., Sec. 7421(a)), which reads as follows:

"PROHIBITION OF SUITS TO RESTRAIN ASSESSMENT OR COLLECTION.

(a) *Tax* * * * Except as provided in sections 6212(a) and (c), and 6213(a), no suit for the purpose of restraining the assessment or collection

**634**

of any tax shall be maintained in any court." [2]

The principles construing the foregoing section were formulated by the United States Supreme Court in Enochs v. Williams Packing & Navigation Co., Inc., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), where the Chief Justice spoke, 370 U.S. at page 7, 82 S.Ct. at page 1129, as follows:

> "The manifest purpose of § 7421 (a) is to permit the United States to assess and collect taxes alleged to be due without judicial intervention, and to require that the legal right to the disputed sums be determined in a suit for refund. In this manner the United States is assured of prompt collection of its lawful revenue. Nevertheless, if it is clear that under no circumstances could the Government ultimately prevail, the central purpose of the Act is inapplicable and, under the Nut Margarine case [Miller v. Standard Nut Margarine Co., 284 U.S. 498, l.c. 509, 52 S.Ct. 260, 76 L.Ed. 422], the attempted collection may be enjoined if equity jurisdiction otherwise exists. In such a situation the exaction is merely in 'the guise of a tax.'"

And restated by the Ninth Circuit Court of Appeals, in Enterprises Unlimited, Inc. v. Davis, 340 F.2d 472, 474 (1965), as follows:

> "Notwithstanding section 7421(a), a taxpayer may enjoin the collection of a tax if, *but only if*, he can establish that (1) under the most liberal view of the law *and* the facts the United States cannot establish its claim, and (2) the taxpayer has no adequate remedy at law * * *." (Emphasis supplied.)

See also, Vorachek v. United States, 337 F.2d 797 (8 Cir., 1964); Botta v. Scanlon, supra; Missouri Valley Intercol. Ath. Ass'n v. Bookwalter, 276 F.2d 365 (8 Cir., 1960). We feel that the test thus formulated has plainly not been met in the present instance. The appellant,

though a young man of 26, was a principal officer of the corporation from which the unpaid withholding taxes are due, and he was admittedly authorized to sign checks in the corporate name. His defense that he spent most of his time in selling, rather than in executive and administrative operations of the J. D. Davis Company, causes a sympathetic response from the Court but is actually no defense for failing to fulfill the duties of a corporate office of vice-president and treasurer authorized to make disbursements of corporate funds in discharge of corporate liabilities. These facts are clearly sufficient to establish the presumptive correctness of the Section 6672 assessment against him. United States v. Strebler, supra, held, at pp. 403, 404, of 313 F.2d:

> "[Certificates of] assessment is presumptively correct; and 'the burden is on the taxpayer to overcome this presumption' by countervailing proof." (Citing Paschal v. Blieden, 127 F.2d 398, 401 (8 Cir., 1942) and other cases.)

Hence, the injunction that appellant seeks is barred by Section 7421, Internal Revenue Code of 1954 (26 U.S.C., 1958 ed., Sec. 7421).

Notwithstanding the above settled rule, appellant further contends that he is suffering from an "exceptional or extraordinary circumstance" which justifies an injunction, in the present instance, because he may lose his right to reimbursement from the bankrupt estate of J. D. Davis Company if the Government collects first from him before the bankruptcy estate is closed. There can be no doubt, however, that to sustain appellant's argument in this regard would serve to defeat the very purpose of Section 6672, which is precisely to afford the Government additional assets for the collection of the unpaid withholdings in the event of an insolvent corporation's failure to pay the tax when due, as in the

2. Sec. 6212(a) and (c) require a registered mail notice of a deficiency assessment of income taxes and estate and gift taxes.

Sec. 6213(a) relates to time provisions on assessments and levies, which are not an issue in this case.

present instance. As previously noted, appellant's assessment of which he now complains is a liability separate and distinct from that of the corporation. The result of Section 6672 is thus to make the responsible officers of the corporation, as well as the corporation itself, equally liable as co-debtors to the Government, and the Government may proceed against either in the order best suited in its judgment to collect the unpaid tax.

Appellant posits the question of whether he actually is a taxpayer under Section 6672, and questions not the law but the method the District Director used in making the determination. Under the factual situation of this case, the determination appears to be permissible and thus is not arbitrary. As held in *Strebler*, the determination is presumptively correct.

■ Any collections recovered from one of the taxpayers, as a matter of administrative practice, will be applied to reduce the amount due from the others. Appellant's asserted prospect of future collections from the bankrupt estate of the corporation is, therefore, not material to the present appeal; rather, the only relevant fact, in this connection, is how much has been collected from that source. It is, moreover, well settled that a taxpayer who is equally liable with another for the payment of accrued but unpaid tax, cannot avoid collection against himself on the ground that the Government should first collect it from the other party. Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931); Cash v. Campbell, 346 F.2d 670 (5 Cir., 1965).

■ It is likewise true that any claims that appellant may have against the corporation, whatever they may be, are simply not involved in this appeal. He thus cannot compel the Government to delay its collection from him in order to protect his claim for reimbursement out of the bankruptcy assets as against other creditors. Singer v. District Director of Internal Revenue, 354 F.2d 992 (2 Cir., 1966).

In light of the foregoing, we think that the taxpayer's complaint sets forth no basis for an exception from the flat prohibition against injunction suits, as stated in Section 7421(a). Any stay of collection, in the present instance, would defeat the very purpose of this provision of the Internal Revenue Code. The Government, as a matter of fairness, should attempt to satisfy as large a share of the tax liability from the bankrupt as is possible and thus use the legal suretyship imposed by Section 6672 to cover uncollectible taxes due under the tax provisions in question, but, of course, is not obligated to defer assessments and collections for this reason.

■ Under the present circumstances, the appellant must pay the amount of the assessment against him and then may sue for a refund. This remedy is sufficient to satisfy the due process requirement. The taxpayer has an adequate legal remedy, as he may pay the assessment and sue for a refund. And in practice the Government says that it permits a suit for a refund when only part of the tax is paid; the Government then counterclaims for the balance and refrains from taking any steps to enforce collection of the balance, pending final disposition of the refund suit, absent jeopardy to revenue. See Phillips v. Commissioner of Internal Revenue, supra; Steele v. United States, 280 F.2d 89 (8 Cir. 1960); Missouri Valley Intercol. Ath. Ass'n v. Bookwalter, supra.

The order of the District Court sustaining the District Director's motion to dismiss the taxpayer's complaint is affirmed.