Ben D. SPIVAK and David S. Shapiro, Plaintiffs-Appellants,

v.

UNITED STATES of America, Defendant-Appellee.

No. 206, Docket 30633.

United States Court of Appeals Second Circuit.

Argued Nov. 29, 1966.

Decided Jan. 4, 1967.

Myron L. Shapiro, New York City, (Donald J. Swords, New York City, on the brief), for plaintiffs-appellants.

Laurence Vogel, Asst. U. S. Atty., Southern District of New York (Robert M. Morgenthau, U. S. Atty., So. District of New York, and Joseph Kovner, Dept. of Justice, on the brief), for defendant-appellee.

Before LUMBARD, Chief Judge, and FRIENDLY and SMITH, Circuit Judges.

J. JOSEPH SMITH, Circuit Judge:

Ben D. Spivak and David S. Shapiro appeal from a May 16, 1966 judgment of the United States District Court for the Southern District of New York, Richard H. Levet, Judge, which dismissed their

complaint for a refund of taxes and awarded the United States $27,192.27 with interest and costs on its counterclaim for 100% penalties pursuant to §§ 6672[1] and 6671(b)[2] of the Internal Revenue Code of 1954. 254 F.Supp. 517. We find no error and affirm the judgment.

The penalty assessments were for unpaid income withholding and social security (FICA) taxes for the first quarters of 1955 and 1956 due from Lincoln Industries, Inc., a corporation of which the appellants were the responsible officers.

The district court dismissed appellants' complaint because of failure to prove that their $50.00 and $60.00 payments were the amounts due the United States for one employee for each of the quarters involved as required. See Steele v. United States, 280 F.2d 89 (8th Cir. 1960). The court went on to assert jurisdiction over the government's counterclaim and determined fully all issues.[3]

In June 1965, Shapiro and Spivak became president and treasurer, respectively, of Lincoln Industries, a Virginia corporation engaged in the manufacture of furniture. Prior to this date, a bona fide dispute existed between Lincoln and the Internal Revenue Service about payments made by the Reconstruction Finance Corporation to IRS. Lincoln claimed that these payments should be credited to its tax liabilities and not, as was being done, to the tax debts of its parent, the Virginia-Lincoln Corporation. Judge Levet found that, had the disputed payments been credited to Lincoln, they would have covered the liabilities in question.

On July 16, 1956, Lincoln was adjudicated a bankrupt and in the ensuing proceedings the government filed a claim for unpaid taxes of $107,135.02 which the bankruptcy court reduced to $84,540.-89. This sum included the taxes presently in issue. On February 22, 1960, the government compromised this claim for $42,971.26, even though the trustee had funds sufficient to pay it in full. Among other matters the settlement provided:

"In consideration of the payments above specified, the United States of America is to assert no further claim for Withholding taxes, FICA taxes, or FUTA [federal unemployment] taxes, penalties, or interest against the bankrupt or its Trustee herein.

"The offer [accepted by the government] is to be without prejudice to the United States in the assessment and collection of any outstanding assessments for penalties against former officers of said Lincoln Industries, Incorporated, on account of said Withholding and FICA taxes." 254 F.Supp. at 520.

Notice of the hearing on approval by the bankruptcy court of the settlement was given appellants, but they did not appear or otherwise object.

The court found that the appellants had a duty to collect and pay the taxes involved, were authorized to do so

---

1. § 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

2. § 6671(b) Person defined.—The term "person", as used in this subchapter, includes an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

3. Since the decision on the appeal from judgment on the counterclaim is necessarily determinative of the claim for refund, it is unnecessary to pass upon the correctness of the dismissal of the complaint.

and were aware that payment had not been made. It found that the dispute about prior misallocation with the IRS was not the reason for non-payment. During the relevant quarters, appellants paid for raw materials and labor and thereby "voluntarily, consciously, and in-tentionally preferred other creditors of the corporation over the United States." 254 F.Supp. at 521. These facts are sufficient evidence of wilfulness. See Bloom v. United States, 272 F.2d 215 (9th Cir. 1959), cert. denied 362 U.S. 803, 80 S.Ct. 1236, 4 L.Ed.2d 1146 (1960); Horwitz v. United States, 236 F.Supp. 812 (S.D.N.Y.1964), aff'd 339 F.2d 877 (2d Cir. 1965).

The primary issue for review is wheth-er the compromise by the government in the bankruptcy proceeding of its claim against the corporation precludes it, in spite of the express reservation, from seeking the unpaid balance of the taxes from appellants. The question has been put in terms of whether the appellants are secondarily liable as sureties for the taxes and are therefore arguably released by the form of the compromise with their obligor, or whether Lincoln and ap-pellants are co-debtors with no surety-ship relation between them. However, we are here concerned only with the col-lectibility of the penalty assessments, and with the nature of the obligation of the appellants to the United States.

The assessment, although col-lectible in the same manner as other taxes, is expressed as a "penalty" against the responsible person for failure to carry out the duties imposed on him by the act. The money has been collected from the employees, and not paid over to the trust funds. Those responsible are made directly liable for the payment. As Bloom v. United States, 272 F.2d 215, 221 (9th Cir. 1959) points out, the action is not one against a transferee of assets of the corporation, or one of a derivative character. The responsible person may not delay collection from him in order to protect any claim of his for reimburse-ment. Kelly v. Lethert, 362 F.2d 629, 635 (8th Cir. 1966). So far as the Unit-ed States is concerned, it is quite plain from the terms of the statute that the Congress intended that funds collected for these taxes be treated as a trust fund and that persons responsible for their paying over should be individually liable, as well as the corporation, for their di-version.

Appellants contend, however, that the United States should be barred from recovery on principles of estoppel. We do not agree. Any possible conten-tion that the United States is estopped to assert its rights against appellants because of the compromise with Lin-coln must fail in view of the reservation in the compromise agreement, and the appellants' knowledge of and acquies-cence in its terms. The essential ele-ment of a misleading of appellants to their harm is strikingly absent. Com-pare Freedman v. The Concordia Star, 250 F.2d 867 (2d Cir. 1958), Helvering v. Schine Chain Theatres, 121 F.2d 948 (2d Cir. 1941), News Projection Corp. v. Western Union Tel. Co., 38 F.Supp. 854, 856 (S.D.N.Y.1941).

Had the government's claim in the bankruptcy been defeated by an adjudi-cation that the payments should have been credited to Lincoln, the government concedes that it would be bound to re-lease appellants, for it is its practice not to attempt enforcement of § 6672 lia-bility if the corporate obligation is met, and an adjudication that the payments should have been credited to Lincoln would have entitled Lincoln to credits as great as its entire tax obligation. The difficulty with appellants' position, how-ever, is that there was no such adjudica-tion, but only a partial payment of the corporate obligation in settlement of the disputed claim against the bankrupt es-tate, a settlement with full reservation of rights against them, to which, after notice, they did not object.

While in Singer v. District Direc-tor of Internal Revenue, 354 F.2d 992 (2d Cir. 1966), we limited our considera-tion to its facts (the United States had additional claims exceeding the bank-rupt's assets), we think that decision

**616**

may be extended to the situation here, that the Congress in enacting § 6672 was solely interested in protection of the revenue and intended that the trust funds be fully collectible from those responsible persons who caused the diversion as well as from the corporation for whose purposes they may have been used, without any duty to protect the delinquent, see Kelly v. Lethert, supra, and that compromise of the claim against the bankrupt estate of the corporation cannot serve to release the responsible persons from their direct liability under the statute.

The judgment is affirmed.