**UNITED STATES of America,
Plaintiff,**

v.

**Albert G. SCHWARTZ, Defendant.**

**No. 64–C–209.**

United States District Court
E. D. New York.

Dec. 20, 1967.

Jacobson & Schwartz, by, Jacob Schwartz, New York City, for defendant.

Joseph P. Hoey, U. S. Atty., Brooklyn, N. Y., Dept. of Justice, Tax Division, Washington, D. C. by, David H. Hopkins, Jr., Washington, D. C., for plaintiff.

Memorandum of Decision

MISHLER, District Judge.

This is an action for the imposition of a penalty under section 6672 of the Internal Revenue Code of 1954 [1] against

---

1. 26 U.S.C. § 6672 (1964).
§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax.
Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable.

**298**

the defendant, as a responsible officer of Schwartz & Sacks, Inc. During the relevant period, the defendant was the president and sole stockholder of the above named corporation, a firm engaged in the business of painting contractors. Trial was to the court without a jury.

The corporation filed employee-employer quarterly tax returns for the last quarter of 1956 and the first quarter of 1957. The corporate tax liabilities were $4,327.35 and $4,519.65 for the respective quarters. The corporation, however, made no payments on account of the sums due.

The court holds that during the assessment period, the defendant completely dominated and controlled the affairs of the corporation. Indeed, corporate obligations were paid by checks signed only by the defendant.

During the assessment period, the defendant paid the corporate employees their weekly salaries.[2] He either failed to collect the taxes imposed, or having collected the taxes, used the moneys to pay salaries for the succeeding week or weeks. Although the defendant testified that he drew only salary checks during the assessment period, he failed to offer any corporate records, and did not account for the failure to produce the corporate check book in answer to a direct request by the court. The court infers from this failure that if the check book had been produced, it would have disclosed that other corporate creditors had been paid and preferred over the government during the assessment period.

The government has proved the amount of corporate liability; that the defendant was a responsible officer " * * * required to collect, truthfully account for, and pay over * * * " the taxes imposed; and that the defendant willfully failed in his duty. As used in section 6672, willfully means voluntarily, consciously and deliberately. The gov-

ernment is not required to prove intent to defraud or to deprive the government of taxes. White v. United States, 372 F.2d 513, 521, (Ct.Cl.1967); Spivak v. United States, 254 F.Supp. 517, 523 (S.D.N.Y.1966), aff'd, 370 F.2d 612, 615 (2d Cir.), cert. denied, 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967).

The clerk is directed to enter judgment in the amount of $10,041.15, together with costs, the total representing the sum of $8,846.99 plus interest computed from January 10, 1964 to date in the sum of $1,194.16.

This memorandum of decision contains the findings of fact and conclusions of law as provided in Rule 52(a) of the Federal Rules of Civil Procedure.

---

2. Defendant testified that he drew no salary for himself during this period, though he failed to deny the facts in paragraph 17 of the Government's request for Admission of Facts dated November 27, 1964. Rule 36(a), Fed.R.Civ.P.