**WEST CHESTER FEED & SUPPLY CO., Inc., Plaintiff-Appellant,**

v.

**Joseph H. ERWIN et al., Defendants-Appellees.**

**No. 20570.**

United States Court of Appeals, Sixth Circuit.

March 2, 1971.

Thomas Patrick Lordeon, Middletown, Ohio, for plaintiff-appellant; Walter W. Windisch, in pro. per., on brief.

Wesley J. Filer, Atty., Dept. of Justice, Washington, D. C., for defendants-appellees; Johnnie M. Walters, Asst. Atty. Gen., Meyer Rothwacks, Leonard J. Henzke, Jr., Attys., Dept. of Justice, Washington, D. C., on brief; William W. Milligan, U. S. Atty., Cincinnati, Ohio, of counsel.

Before PHILLIPS, Chief Judge, and MILLER and KENT, Circuit Judges.

PER CURIAM.

West Chester Feed and Supply Company (West Chester), an Ohio farming corporation, filed this action asking the

District Court to establish the value of its assets for the years 1967, 1968 and 1969.

A stockholder of the corporation had died. The executor filed an estate tax return measuring the worth of West Chester's stock upon a corporate asset valuation of $80,000. In auditing the estate tax return, the Internal Revenue Service increased the valuation of the corporate assets to $120,000. At the time of the filing of the action in the District Court, no estate tax deficiency had been assessed against the estate of the deceased stockholder.

The District Court dismissed the complaint. We affirm.

West Chester contends that the $120,000 assessment of its assets is excessive and should be reduced to $80,000, which is the valuation upon which it has paid taxes to the State of Ohio for the past several years. It is asserted that a valuation of $120,000 for the purpose of determining the estate tax owed by its shareholder will result in a higher corporate tax assessment by the State of Ohio.

We hold that the District Court had no jurisdiction in this case and that the complaint was correctly dismissed. Generally a United States District Court has jurisdiction in a tax case only after the taxpayer has paid the taxes in full and sues for the recovery thereof. 28 U.S.C. § 1346(a) (1); Flora v. United States, 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623. The action in the present case cannot be sustained as a suit for declaratory judgment, 28 U.S.C. § 2201, or for injunction. 26 U.S.C. § 7421; Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292; Vuin v. Burton, 327 F.2d 967 (6th Cir.).

Ample procedural remedies have been provided by Congress for settling disputes arising under the revenue laws. The prescribed remedy in the present case is not by action in the United States District Court.

Affirmed.