**In re COUNTY WIDE GARDEN CENTER, INC., Debtor.**

**Joseph VETERE and Rudy Amatuzzo, as Officers and Directors of County Wide Garden Center, Inc., Plaintiffs,**

**v.**

**UNITED STATES of America, Defendant.**

**Bankruptcy No. 82 B 20154.**
**Adv. No. 82 ADV 6155.**

United States Bankruptcy Court,
S.D. New York.

Dec. 3, 1982.

---

Bartels, Pykett & Aronwald, White Plains, N.Y., for plaintiffs.

John S. Martin, Jr., U.S. Atty., New York City, for U.S.; Alan Nisselson, Asst. U.S. Atty., New York City, of counsel.

Harvey S. Barr, Spring Valley, N.Y., Interim Trustee.

## JUDGMENT ON PLEADINGS DISALLOWING INJUNCTION AGAINST TAX COLLECTION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The plaintiffs, who are the sole officers, directors and shareholders of the debtor corporation, County Wide Garden Center, Inc., brought this adversary proceeding to enjoin the Internal Revenue Service from collecting from them personally the prepetition federal withholding and federal insurance compensation taxes which the debtor has failed to pay. After the commencement of this action, the plaintiffs moved for an order directing the trustee in bankruptcy of the debtor corporation to make a payment to the Internal Revenue Service in satisfaction of the plaintiffs' personal liability.

The United States Government, on behalf of the Internal Revenue Service, filed its answer and then moved, pursuant to Bankruptcy Rule 712 and Fed.R.Civ.P. 12(c), for judgment on the pleadings on the grounds that this court lacks jurisdiction over this action and that the plaintiffs lack standing to bring it.

## BACKGROUND

On April 24, 1980, the debtor voluntarily filed with this court a petition for relief under Chapter 7 of the Bankruptcy Code. Thereafter the Internal Revenue Service ("the Government") filed a proof of claim, which after amendment, totalled $22,449.41 for prepetition federal withholding and federal insurance compensation taxes for the years 1978 through 1980 from the operations of the debtor. On February 8, 1982, the Government filed liens against the plaintiffs, as the sole officers, directors and shareholders of the debtor corporation. Notices of Levy were served on August 24, 1982 against two banks. One of the banks holds a certificate of deposit in favor of the plaintiffs for $15,601.10; the other bank holds an account for the plaintiff, Joseph Vetere, and his sister in the sum of $4,000.

The plaintiffs claim that the trustee in bankruptcy of the debtor corporation has sufficient funds to pay part, if not all, of the Government's claim against the debtor and that when such payment is made, the plaintiffs' liability will be eliminated. Moreover, the plaintiffs argue that if they are required to pay the Government out of their personal funds they may not have any right of reimbursement and, therefore, would suffer irreparable harm.

## SUBJECT MATTER JURISDICTION

■ The governing statutory authority is Section 7421(a) of the Internal Revenue Code, which provides in relevant part as follows:

"... no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person ...." 26 U.S.C. § 7421(a).

The policy underlying this statute is to protect the Government's need to assess and collect taxes as expeditiously as possible with a minimum of pre-enforcement judicial interference. *Bob Jones University v. Simon,* 416 U.S. 725, 736–737, 94 S.Ct. 2038, 2045–46, 40 L.Ed.2d 496 (1974). Not only is injunctive relief against tax collection proscribed, but also the courts are deprived of subject matter jurisdiction to fashion equitable remedies. *Stonecipher v. Bray,* 653 F.2d 398 (9th Cir.1981); *Blech v. United States,* 595 F.2d 462 (9th Cir.1979); *Shannon v. United States,* 521 F.2d 56 (9th Cir. 1975), cert. den. 424 U.S. 965, 96 S.Ct. 1458, 47 L.Ed.2d 731 (1976); *West Chester Feed & Supply Co. v. Erwin,* 438 F.2d 929 (6th Cir.1971); *Spivak v. United States,* 370 F.2d 612 (2d Cir.1967).

■ As in the case of most rules, the anti-injunction statute also has an exception. A two-pronged test was carved out

by the United States Supreme Court in *Enochs v. Williams Packing & Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962). A taxpayer may obtain an injunction against tax collection only upon a showing that (1) irreparable harm will result and that (2) under the most liberal view of facts and law, the Government cannot prevail on the issue of tax liability. Judge Friendly referred to this exception in *Laino v. United States,* 633 F.2d 626 at 629 (2d Cir.1980) as follows:

> "Later decisions reaffirming this two-pronged test have noted the 'almost literal effect' which *Williams Packing* gave to the Act, and characterized it as requiring that the Government's action be 'plainly without a legal basis' or have no 'chance of success on the merits'."

The plaintiffs' position with respect to the first prong of the exception, namely irreparable harm, is focused on their claim for reimbursement following their payment of the taxes in question. The Government's tax claim qualifies as a sixth priority under 11 U.S.C. § 507(a)(6). If the plaintiffs are required to pay the taxes they would naturally want to be subrogated to the Government's sixth priority status. However, 11 U.S.C. § 507(d) presents an obstacle for the plaintiffs because it provides:

> "(d) An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(3), (a)(4), (a)(5), *or (a)(6) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.*" [Emphasis added].

In light of the Bankruptcy Code's denial of subrogation to the priority rights of a holder of a subsection (a)(6) tax priority, the plaintiffs contend that if they are compelled to pay the taxes and the Government abates the tax liability of the debtor corporation, "the plaintiffs will then be put in the position of satisfying *the obligation of the debtor.*" [Emphasis added]. Therefore, the plaintiffs maintain that this "creates irreparable harm to the plaintiffs and creates a windfall to the general creditors in this estate."

The fallacy in this position is that the plaintiffs believe they are being compelled to satisfy "the obligation of the debtor." It is not solely the debtor's tax liability; it is theirs as well. Section 6672 of the Internal Revenue Code imposes personal liability upon the individual officers or agents of a corporation who are required to collect, account for and pay over taxes that a corporation must withhold. Section 6672(a) provides as follows:

> "§ 6672. Failure to collect and pay over tax, or attempt to evade or defeat tax
>
> (a) General rule.—Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over. No penalty shall be imposed under section 6653 for any offense to which this section is applicable."

In *Kelly v. Lethert,* 362 F.2d 629 (8th Cir.1966) an officer of a bankrupt corporation advanced a similar argument when he said that the denial of his request for an injunction put him in the "unenviable position" of satisfying the obligation of the bankrupt, without the right to seek redress from the bankrupt. The court rejected this argument and said at p. 632:

> "This contention mistakes the basic nature of the assessment against him of which he complains; it is not the tax liability of another with which he has been charged, but his own 'separate and distinct liability,' as defined in Section 6672 of the Internal Revenue Code of 1954."

The *Kelly* court concluded that the tax imposed under Section 6672, although denominated by that Section as a penalty, is, in substance, a tax that is protected from injunction against assessment or collection by

Section 7421(a) of the Internal Revenue Code.

In essence, the plaintiffs incurred the tax liability by failing to perform their duties as responsible officers of the debtor corporation. They should not now be heard to complain that their breach of duty constitutes an extraordinary circumstance of irreparable harm entitling them to enjoin the Government from collecting their tax liability. The plaintiffs' position, if successful, would defeat the very purpose of Section 6672, which is intended to afford the Government additional sources for the collection of the unpaid withholdings in the event of a bankrupt corporation's failure to pay the tax when due. See Kelly v. Lethert, supra at p. 634.

 Not only is there no irreparable harm to plaintiffs by the supposed loss of a right to be subrogated to the tax priority, but additionally, the plaintiffs cannot establish the second prong of the Williams Packing test. They must show that even under the most liberal view of the facts and law, the Government cannot prevail on the issue of underlying tax liability. The plaintiffs have not demonstrated that they have a chance of success on the merits. See Kelly v. Lethert, 362 F.2d 626, 629 (2d Cir.1980). Indeed, the plaintiffs do not maintain that the Government's conduct was tainted by any illegality or that they are not liable for the taxes; they simply would prefer the Government to defer collection until after the trustee in bankruptcy pays part or all of the taxes that are due. It is clear that a taxpayer who is equally liable with another for the payment of accrued but unpaid taxes cannot avoid collection against such taxpayer on the ground that the Government should first collect it from the other party. Phillips v. Commissioner of Internal Revenue, 283 U.S. 589, 51 S.Ct. 608, 75 L.Ed. 1289 (1931). In Kelly v. Lethert, supra at p. 635, the court said that a taxpayer

"... cannot compel the Government to delay its collection from him in order to protect his claim for reimbursement out of the bankruptcy assets as against other creditors."

## OVERRIDING POLICY OF THE BANKRUPTCY COURT

Under certain circumstances some bankruptcy courts have asserted jurisdiction to enjoin the Internal Revenue Service, regardless of the anti-injunctive provisions in 26 U.S.C. § 7421(a). Thus, in Bostwick v. United States, 521 F.2d 741, 744 (8th Cir. 1975), it was held that the bankruptcy court had power to enjoin the assessment and collection of taxes by the Internal Revenue Service "in order to protect its jurisdiction, administer the bankrupt's estate in an orderly and efficient manner, and fulfill the ultimate policy of the Bankruptcy Act." This was based on what the court perceived to be the overriding policy, namely "the rehabilitation of the debtor." The Bostwick case involved a dispute as to the dischargeability of the bankrupt's tax debt under the now repealed Bankruptcy Act of 1898. In Major Dynamics, Inc., 14 B.R. 969 (Bkrtcy. S.D.Cal.1981), this principle was extended to disputes between third-party creditors and the Internal Revenue Service which threatened to fractionalize creditors so that reorganization of the debtor corporation would be impossible. The court noted that 11 U.S.C. § 505(a) authorized the Bankruptcy Court to determine the amount or legality of any tax, fine, or penalty relating to a tax. Moreover, the court concluded that 11 U.S.C. § 505(a) is not, by its terms, limited to a determination of the tax liability of the debtor. Therefore, it was held that the bankruptcy court had "jurisdiction to determine disputes between third party creditors and the IRS in an appropriate case." [Emphasis added]. The court's holding in Major Dynamics Inc., supra, was premised on a finding that the exercise of its jurisdiction "was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate." Id. at 972. The debtor had sought rehabilitation under Chapter 11 of the Bankruptcy Code.

The decisions in Bostwick v. United States, supra, and Major Dynamics Inc., supra, were recently relied upon by the bankruptcy court in H & R Ice Company

*Inc.,* 24 B.R. 28, 9 B.C.D. 941 (Bkrtcy.W.D. Mo.1982), where the Internal Revenue Service was temporarily enjoined from enforcing the tax penalty under 26 U.S.C. § 6672 against a Chapter 11 debtor's president. The court concluded that the assessment against the president of a corporation profitably operating under a confirmed plan of reorganization was premature, because the Chapter 11 plan proposed to pay the back taxes with interest. There was no complaint that timely payments were not being made or that there might be a pecuniary loss to the Internal Revenue Service. Thus, the court found that the Government was adequately protected and that an evidentiary hearing was necessary in order to determine the impact of that assessment on the bankruptcy estate.

In the instant case the Government's collection of the penalty tax from the responsible third-party officers will not interfere with the orderly administration of this liquidation case under Chapter 7 of the Bankruptcy Code. This case does not involve any reorganization or rehabilitation of a debtor. Indeed, to the extent that the officers shoulder their tax responsibilities, there will be more funds available in the estate for its creditors. Moreover, this case does not involve any determination as to the amount or legality of any tax within the meaning of 11 U.S.C. § 505(a)(1). The plaintiffs do not dispute the amount, their tax liability, or the legality of the tax in question.

Accordingly, there is no perceived overriding policy in the context of the Bankruptcy Code that would justify disregarding the anti-injunction provisions in 26 U.S.C. § 7421(a). Moreover, the plaintiffs have failed to overcome the stringent requirements of the *Williams Packing* test exception to the anti-injunction statute. Therefore, the plaintiffs are not entitled to enjoin the Government from collecting their undisputed tax liability. Hence, the Government's motion for judgment on the pleadings is granted. The plaintiffs' motion to compel the trustee in bankruptcy of the debtor corporation to pay the taxes in question is denied.

SUBMIT ORDER ON NOTICE.