**A TO Z WELDING & MFG. COMPANY, INC., Appellant,**

v.

**UNITED STATES of America, By and Through the INTERNAL REVENUE SERVICE, Appellee.**

**No. B C 85–79.**

United States District Court, E.D. Arkansas, N.D.

Nov. 15, 1985.

Arnold N. Goodman, R.J. Brown, P.A., Little Rock, Ark., for A to Z Welding.

Doug Chavis, Asst. U.S. Atty., Little Rock, Ark., Paul M. Predmore, Attorney, Tax Div. Dept. of Justice, Washington, D.C., for U.S.

## ORDER

OVERTON, District Judge.

On August 3, 1984, appellant, A to Z Welding & Mfg. Company, Inc., filed a Chapter 11 petition in bankruptcy in the Eastern District of Arkansas. Subsequent to the filing of that petition, appellee, the Internal Revenue Service (IRS), assessed a penalty, pursuant to 26 U.S.C. § 6672, against certain officer/shareholders of the debtor corporation for the failure of the corporation to pay over to the United States withholding taxes withheld from its

employee's wages. Appellant had filed a complaint against the IRS seeking to enjoin it from collecting the assessed penalties. On May 21, 1985, the United States Bankruptcy Court for the Eastern District of Arkansas entered an order dismissing appellant's complaint. It is from that decision that this appeal arises.

The only issue on appeal is whether the Bankruptcy Court erred in holding that it did not have the power, pursuant to § 7421(a) of the Internal Revenue Code, 26 U.S.C. § 7421(a), to enjoin appellee from collecting penalties assessed against corporate officers/shareholders. In arguing that the Bankruptcy Court does have the power to grant the injunctive relief sought, appellant relies upon the holding in *Bostwick v. United States*, 521 F.2d 741 (8th Cir.1975). Appellee, on the other hand, relies upon *Kelly v. Lethert*, 362 F.2d 629 (8th Cir.1966), in support of its position that the anti-injunction statute, 26 U.S.C. § 7421(a), precludes the issuance of the injunctive relief sought by appellant. Having read the briefs submitted by the parties, as well as the findings and conclusions of the Bankruptcy Court, this court concludes that the Bankruptcy Court did not err in its determination that it lacked the power to enjoin the IRS from collecting the assessed penalties.

Both the *Bostwick* and *Kelly* cases concern the applicability of the anti-injunction statute to situations arising in the bankruptcy context. *Bostwick* dealt with individual debtors seeking protection from collection by the IRS of a personal tax liability before the bankruptcy court had an opportunity to determine the dischargeability of the tax debt in a Chapter 7 proceeding. *Kelly* involved an action by a corporate officer seeking to prevent the IRS from collecting a penalty assessed against him under 26 U.S.C. § 6672. In *Bostwick*, the court of appeals held that the anti-injunction statute was inapplicable to the circumstances of that case, while in *Kelly* it was determined that the anti-injunction statute did apply. The decision of the Bankruptcy Court here was based primarily on its belief that although *Bostwick* and *Kelly*

present seemingly conflicting holdings, *Bostwick* did not expressly or impliedly overrule *Kelly*, *Kelly* remains a viable precedent, and *Kelly*, on its facts, was most closely analogous to the case before the court. There is nothing in the record that would necessitate modifying the Bankruptcy Court's order, and it is affirmed in all respects.