In re Gary Ray BROWN, Debtor.

Gary Ray BROWN, Plaintiff,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 88–2538–BM.
Adv. No. 90–0528–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Aug. 5, 1991.

Donald R. Calaiaro, Calaiaro & Corbett, P.C., Pittsburgh, Pa., for plaintiff/debtor.

Joseph F. Minni, Charles M. Flesch, U.S. Dept. of Justice, Washington, Pa.

## MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

Plaintiff Gary Ray Brown (hereinafter "debtor") seeks a determination that he owes no debt to the United States of America, Internal Revenue Service (hereinafter "IRS") as a responsible officer of Hermitage W.H. Family Restaurant, Inc. (hereinafter "Hermitage") for unpaid employee federal withholding taxes. He denies that he was a responsible person with respect to Hermitage for purposes of 26 U.S.C. § 6672 and denies that any failure on his part to pay the taxes was willful. IRS maintains that debtor was a responsible person and contends that his failure to pay said taxes was willful.

Judgment will be entered in favor of debtor and against IRS for reasons set forth below.

—I—

## FACTUAL BACKGROUND

Hermitage purchased a franchise to operate a restaurant from Waffle Hut of Pennsylvania, Inc., which in turn had purchased franchise rights for all of Pennsylvania from Waffle Hut, Inc. Debtor was an officer, director, and shareholder of Waffle Hut of Pennsylvania, Inc., and of Waffle Hut, Inc., but was not an officer, director or shareholder of Hermitage.

Hermitage opened a restaurant early in 1987. W.H. Family Restaurant, a subsidiary of Waffle Hut, Inc., initially provided and trained employees and ensured that the restaurant was in compliance with the franchising requirements of Waffle Hut, Inc. Thereafter operation was turned over to Hermitage.

When the restaurant failed to prosper the officials of Hermitage prevailed upon debtor to temporarily act as their salaried employee to manage the restaurant. The term of this employment continued approximately six (6) weeks, beginning in December of 1987 and ending in January of 1988.

Debtor filed a voluntary Chapter 13 petition on September 20, 1988, which was converted to a Chapter 11 proceeding on February 23, 1989.

Debtor's Plan of Reorganization was confirmed on October 12, 1990. The order confirming the plan provided that it did not thereby discharge debtor from any potential tax liability owed to IRS with respect to Hermitage. It further provided that confirmation would not be final until the present dispute with IRS was resolved. Should debtor be obligated to IRS, either he or IRS can seek revocation or modification of the plan or seek conversion to Chapter 7.

On November 30, 1990, debtor brought the present adversary action seeking a determination that he owed no debt to IRS as a responsible officer of Hermitage.

On March 4, 1991, nearly five (5) months after the Order of Confirmation was issued, IRS assessed debtor, pursuant to 26 U.S.C. § 6672, as a responsible person for nonpayment by Hermitage of employee

federal withholding taxes. The assessment was for the following periods and amounts:

| | Period | Amount |
|---|---|---|
| 1987: | 1st Quarter | $ 7,702.00 |
| | 2nd Quarter | 9,131.53 |
| | 3rd Quarter | 5,514.44 |
| | 4th Quarter | 5,369.56 |
| 1988: | 1st Quarter | $ 3,865.55 |
| | 2nd Quarter | 3,440.72 |
| | Total: | $ 35,023.80 |

—II—

## ANALYSIS

The assessment against debtor was made pursuant to 26 U.S.C. § 6672(a), which provides in pertinent part:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

■ Liability may be imposed pursuant to this provision only upon (1) a responsible person, who has (2) willfully failed to perform a duty to collect, account for, or pay over federal employment taxes withheld from employees' paychecks. *George v. U.S.*, 819 F.2d 1008, 1011 (11th Cir.1987), citing *Mazo v. U.S.*, 591 F.2d 1151, 1153 (5th Cir.), cert. denied, 444 U.S. 842, 100 S.Ct. 82, 62 L.Ed.2d 54 (1979).

■ One need not be a corporate officer in order to qualify as a responsible person. *Quattrone Accountants, Inc. v. IRS (In re Quattrone Accountants, Inc.)*, 895 F.2d 921, 927 (3rd Cir.1990) (citing *Adams v. U.S.*, 504 F.2d 73 (7th Cir.1974)). Anyone who is required to collect, truthfully account for, or pay over any tax is a responsible person. *Id.* (citing *Slodov v. U.S.*, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251 (1978)). A person who has significant, though not necessarily exclusive, control over the employer's finances is responsible. *Id.* (citing *U.S. v. Vespe*, 868 F.2d 1328, 1332 (3rd Cir.1989)). The primary focus is on who has final or significant say in determining which bills or creditors get paid. *Id.* (citing *Commonwealth National Bank of Dallas v. U.S.*, 665 F.2d 743, 757 (5th Cir.1982)).

Any of the following may be relevant in determining whether one is "responsible" for purposes of § 6672:

(1) the ability to sign checks;

(2) the identity of officers, directors, and shareholders;

(3) the identity of the individuals who prepared tax returns;

(4) the identity of the individuals who hired and discharged employees;

(5) the identity of the individuals who were in total control of the financial affairs of the corporation; and

(6) the individual's entrepreneurial stake in the corporation.

*In re Quattrone Accountants, Inc.*, 88 B.R. 713, 718 (Bankr.W.D.Pa.1988), affirmed, 895 F.2d 921 (3rd Cir.1990).

According to IRS, debtor was directly responsible in his capacity as restaurant manager for running the day-to-day operations of the business. He made cash disbursements for C.O.D. deliveries, was responsible for supervising and hiring and firing restaurant employees, and was authorized to make decisions on a daily basis during this period.

In addition to his direct involvement as restaurant manager, IRS maintains that debtor was at all times in a position to make final decisions regarding the business of Hermitage. IRS claims that debtor and two other individuals controlled the assets of Hermitage and had authority to disburse its funds.

Finally, IRS claims that Hermitage, Waffle Hut of Pennsylvania, Inc. and Waffle Hut, Inc., functioned as a single entity which debtor played an active part in running.

Debtor denies that he was in a position vis-a-vis Hermitage to exercise any significant control over it or its finances to qualify as a responsible person.

 The credible evidence presented at trial overwhelmingly establishes that debtor was not a responsible person with respect to Hermitage.[1]

The restaurant in Hermitage was managed by debtor for approximately six (6) weeks during December of 1987 and January of 1988. Debtor's role in this regard was not sufficient to qualify him as a responsible person with respect to the operations of Hermitage. He was not an officer, director, or shareholder, and had no entrepreneurial stake in Hermitage. Rather, he was merely a salaried employee hired by the owners of Hermitage to run the daily operations of the restaurant.

His authority as manager, which was determined by the owners of Hermitage, was limited in scope. Although debtor had authority to hire and fire waitresses, he lacked authority to hire and fire cooks and assistant managers. In addition, debtor had no authority to set the wages of employees. Debtor also lacked significant authority in his capacity as restaurant manager to determine which of Hermitage's creditors were to be paid. Although debtor had authority to withdraw cash from the reg-

ister to pay purveyors C.O.D., he had no discretionary authority as manager to pay any other creditors of Hermitage. Any bills sent to the restaurant by other creditors were forwarded by debtor to the president of Hermitage. Finally, debtor played no part in preparing the payroll aside from turning payroll cards over to the president of Hermitage.

The evidence presented also overwhelmingly established that debtor did not exert significant control over the finances of Hermitage by virtue of some relationship other than manager. Debtor had no authority to control the assets of Hermitage or to distribute its funds and had no control in determining which creditors to pay. The scope of debtor's authority, which was decided by the owners of Hermitage, was limited to paying C.O.D. for deliveries in his capacity as restaurant manager. Debtor had no authority in any other capacity to determine which creditors were to be paid.

Hermitage maintained two (2) bank accounts, one for payroll and the other for business transactions. Debtor had no authority to sign checks drawn on either account and, in fact, never did so. The president and the treasurer of Hermitage were the only individuals with authority to sign checks. As has been determined, debtor was never an officer of Hermitage. Also, debtor played no role in preparing Hermitage's quarterly federal employment tax returns.

Finally, the evidence overwhelmingly establishes that Hermitage, Waffle Hut of Pennsylvania, Inc., and Waffle Hut, Inc. did not function as a single entity which debtor played an active part in running. Although some of the officers, directors, and shareholders of Hermitage were officers, directors, and shareholders of Waffle Hut of Pennsylvania and of Waffle Hut, Inc., they were not identical. For instance, debtor was an officer, director, and share-

---

1. Both debtor and IRS argue that the other side has the ultimate burden of persuasion in this case. Debtor cites to *In re Coleman American Companies, Inc.,* 26 B.R. 825, 830–31 (Bankr. D.Kan.1983) as authority for its position. IRS cites to *In re Green,* 89 B.R. 466, 474 (Bankr. E.D.Pa.1988) as authority for its position.

Each party was directed at the outset of trial to proceed as if it had the ultimate burden of persuasion. Because the evidence presented by both parties overwhelmingly establishes that debtor was *not* a responsible person, it is not necessary that this issue be decided in order for a decision to be rendered in this case.

holder of the latter two corporations but was none of these with respect to Hermitage and had no entrepreneurial stake in Hermitage.

Moreover, neither Waffle Hut of Pennsylvania nor Waffle Hut, Inc. had control over the finances of Hermitage, which functioned as a separate and independent entity in this regard. Hermitage, not Waffle Hut of Pennsylvania or Waffle Hut, Inc. had ultimate authority to determine which of its creditors to pay. Each of these three corporations maintained separate records and separate bank accounts. Funds belonging to one corporation were not used to pay creditors of another.

Judgment will be entered in favor of debtor and against IRS because debtor was not a responsible person for purposes of 26 U.S.C. § 6672 with respect to Hermitage W.H. Family Restaurant, Inc.

An appropriate Order shall be issued.