**In re Robin K. SWAN, Debtor.**

**Bankruptcy No. 91–23395.**

United States Bankruptcy Court,
W.D. New York.

Dec. 23, 1992.

Robert S. Cooper, Rochester, NY, for debtor.

Relin & Goldstein, Rochester, NY, for Citibank.

Mark D. Lansing, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., Anne VanGraafeiland, Rochester, NY, for I.R.S.

George M. Reiber, Chapter 13 Trustee, Rochester, NY.

### DECISION AND ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On December 4, 1991 the debtor, Robin K. Swan (the "Debtor"), filed a petition initiating a Chapter 13 case. The only

creditors scheduled by the Debtor were fully secured mortgage holders on her residence and disputed personal income taxes due to the Internal Revenue Service (the "IRS") and New York State on which her non-debtor spouse, John D. Swan, is also liable.

The Debtor filed an objection to the claim of the IRS on various grounds. After a series of adjournments during which additional information was exchanged and extensive negotiations took place between the parties, the only remaining question for the Court to decide is whether, pursuant to Section 505 of the Bankruptcy Code, the Court should exercise whatever equitable discretion it may have to determine the taxes due to the IRS as if a 1040X amended return claiming the right to income average for 1984 was received by the IRS prior to the end of March 1991. The Debtor claims that a 1040X amended return was mailed to the IRS on two occasions in 1989. However, the IRS claims to have no record of receiving such an amended return, and the non-bankruptcy statute of limitations for the filing of such an amended return expired at the end of March 1991.

## DISCUSSION

The position of the IRS is that for the Debtor to exercise a right to income average for the tax year 1984, she must have made such an election before the expiration of the period prescribed for making a claim for a credit or refund of the tax. In this case, it is undisputed that under Section 6511 of the Internal Revenue Code this period would be the greater of three years from March 1986, when the Debtor filed her 1984 income tax return, or two years from the date the tax was paid, which was March 1989. Therefore, under Section 6511 of the Internal Revenue Code the Debtor had until March 1991 to file an amended income tax return exercising the right to income average for 1984.

The IRS has filed declarations indicating that prior to the filing of the Debtor's petition it never received a Form 1040X amended return from the Debtor or her spouse for the tax year 1984. The IRS asserts that in accordance with Section 7502 of the Internal Revenue Code, *Deutsch v. Commissioner*, 599 F.2d 44 (2d Cir.1979), *cert. denied*, 444 U.S. 1015, 100 S.Ct. 665, 62 L.Ed.2d 644 (1980) and related cases to show that any return was filed with the IRS an entity is required to demonstrate either actual physical delivery to the appropriate service center of the IRS or delivery under one of the applicable exceptions under Section 7502, which in this case would require that the 1040X amended return have been sent by certified or registered mail.

The Debtor asserts that a 1040X amended return for 1984 requesting income averaging was mailed to the IRS in June 1989 and remailed in October 1989. However, these mailings were not by certified or registered mail. Furthermore, none of the submissions by the Debtor convince this Court that the 1040X amended return was in fact received by the appropriate service center of the IRS or overcome the presumptions and requirements set forth in Section 7502 of the Internal Revenue Code.

However, the Debtor refers the Court to Section 505 [1] of the Bankruptcy Code, which provides that "the court may determine the amount or legality of any tax, any

---

1. Section 505 provides:
   § 505. Determination of tax liability.
   (a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.
   (2) The court may not so determine—
   (A) the amount or legality of a tax, fine, penalty, or addition to tax if such amount or legali-

ty was contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction before the commencement of the case under this title; or
   (B) any right of the estate to a tax refund, before the earlier of—
   (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or
   (ii) a determination by such governmental unit of such request.

fine or penalty relating to a tax, or any addition to tax." 11 U.S.C. § 505(a)(1).

The IRS on the other hand asserts that since there has been no proof of actual delivery and the Debtor did not mail her refund claim by certified or registered mail within the applicable non-bankruptcy statute of limitations, within the meaning of Section 505(a)(2)(B)(i), no proper request for a refund was or can now be made by this Debtor, who simply attempted unsuccessfully to file refund claims, and the Court can not otherwise determine the amount of tax due from the Debtor for the period in question or sustain the Debtor's objection to the claim of the IRS.

As the language of Section 505 indicates, the Court's authority to determine a debtor's tax liability is discretionary. *In re El Tropicano, Inc.*, 128 B.R. 153, 161 (Bankr.W.D.Tex.1991). The primary intended beneficiaries of Section 505 are an estate's unsecured creditors and not the debtor or its principals. *Id.* "In enacting § 505, Congress was primarily concerned with protecting creditors from the disposition of the estate's assets which could result if the creditors were bound by a tax judgment which the debtor due to his ailing financial condition did not contest." *In re Northwest Beverage, Inc.*, 46 B.R. 631, 635 (Bankr.N.D.Ill.1985). In addition, the history of this provision makes it clear that its purpose was to afford a forum for the ready determination of the legality or amount of tax claims which might delay conclusion of the administration of the bankruptcy estate if left to other proceedings. *In re Diez*, 45 B.R. 137, 139 (Bankr. S.D.Fla.1984).

This case only involves the Debtor, fully secured mortgage holders and the taxing authorities. Therefore, unsecured creditors will not benefit from a determination in the Debtor's favor. "When the intended beneficiaries of the remedy in question will realize no particular benefit from its use, much of the rationale for its employment disappears, and with it this Court's willingness to exercise discretion afforded by the statute." *Tropicano*, 128 B.R. at 161. This Court agrees with Bankruptcy Judge Leif M. Clark's reasoning in *Tropicano* that discretion should not be exercised where the unsecured creditors derive no benefit from the remedy under Section 505.

The Debtor in this case was not one who was not always vigilant in the exercise of her rights to challenge tax claims or inept, incompetent, uninterested, or dishonest where § 505 may be exercised but had professional accountants working with her to amend previously filed and incorrectly prepared returns. *See City of Amarillo v. Eakens*, 399 F.2d 541, 441 (5th Cir.1968), *cert. denied*, 393 U.S. 1051, 89 S.Ct. 688, 21 L.Ed.2d 692 (1969). The problem was that the required documentation was not properly filed within the applicable statute of limitations period in a manner which would overcome the presumptions set forth in Section 7502.

What the Debtor is requesting in this case is nothing more than an attempt to gain a second bite of the apple, which would only benefit her and not her creditors; a result never intended under Section 505. *See Tropicano*, 128 B.R. at 161.

On the facts and circumstances of this case the Court will not exercise its equitable discretion under Section 505 to determine the 1984 taxes due from the Debtor to the IRS as if an 1040X amended return was properly and timely filed. The Debtor's objection to the claim of the IRS is denied and its claim is allowed.

IT IS SO ORDERED.