In re **CADILLAC RECREATION, INC.,** an Illinois corporation, d/b/a Pekin Skateland, Washington Skateland, Twin City Skateland and Streator Skateland, Debtor.

Bankruptcy No. 87–82186.

United States Bankruptcy Court, C.D. Illinois.

Jan. 25, 1993.

Bret S. Babcock, Peoria, IL, for debtor.

Gerard A. Brost, Peoria, IL, U.S. Atty., Calvin C. Curtis, U.S. Dept. of Justice, Washington, DC, Trial Atty., Tax Div., for the I.R.S.

## OPINION

WILLIAM V. ALTENBERGER, Bankruptcy Judge.

This matter comes before the Court on the motion of the Debtor, CADILLAC RE-CREATION, INC., for a determination that the INTERNAL REVENUE SERVICE is bound by the confirmed plan and that it may not collect a 100% penalty under Section 6672[1] of the Internal Revenue Code from Warren Nichols, the President and major stockholder of the Debtor.

The Debtor filed a Chapter 11 petition in bankruptcy on September 21, 1987. After a court-approved sale of the Debtor's assets, the Debtor filed a liquidating plan. The plan was to be funded by a promissory note received from the contract purchaser and any monies recovered on alleged preferential transfers to be pursued post-confirmation by the Debtor. The plan provided the following treatment for the priority tax claim of the INTERNAL REVENUE SERVICE:

| | | |
|---|---|---|
| Internal Revenue Service (Schedule B) | $40,005.69 | |
| Less Deposit with Offer in Compromise | (100.00) | |
| Less Value of Promissory Note | (28,454.55) | |
| Balance | | $11,451.14 |
| Estimated Pro-rata Share of Cash (based upon attached distribution scheme Schedule A) | | (1,438.19) |
| Balance: to be paid with future recoveries or in equal monthly installments with interest at a rate of 8% per annum on a 6 year installment if recoveries are insufficient | | $10,012.95 |

The plan also provided the following with respect to the priority tax claims:

To the extent assets of DEBTOR are unavailable to pay the PRIORITY CLAIMS listed above, Dr. Warren Nichols promises to pay the balance of these obligations. The DEBTOR, or Dr. Warren Nichols, may prepay all or any portion of these obligations at any time, without penalty. In the event any prepayment is a result of a distribution of an amount recovered as an AVOIDABLE TRANSFER, the remaining monthly installments shall be reduced to reflect the then outstanding balance.

Schedule B, a Summary of Tax Claims, attached to the Debtor's plan, provides as follows:

| | | Priority | Nonpriority |
|---|---|---|---|
| 1. Internal Revenue Service (Employment Tax) | $40,202.46 | 40,005.69 | 12,503.39 |
| Less Employment tax shown as Wage Claim Priority | (196.77) | — | — |

---

**1.** Under § 6672 of the Internal Revenue Code (26 U.S.C. § 6672), personal liability is imposed upon responsible persons who fail to collect or pay over income withholding and social security taxes. Section 6672(a), provides, in pertinent part:

Any person required to collect, truthfully account for and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

The INTERNAL REVENUE SERVICE filed an objection to the plan on May 3, 1988, raising several issues. The INTERNAL REVENUE SERVICE objected to the plan because it failed to provide for full payment of its claim within six years of the date of assessment, as required by § 1129(a)(9)(c) of the Bankruptcy Code. Secondly, the INTERNAL REVENUE SERVICE objected to the terms of the plan, in that payment of its claim was conditioned upon alleged voidable transfers and the Debtor's receipt of payments under a promissory note. The INTERNAL REVENUE SERVICE noted that although its nonpriority claim of $12,503.39 was listed in Schedule B it was not specifically mentioned as an unsecured creditor listed in the plan. The INTERNAL REVENUE SERVICE also took the position that the plan should recognize the right of the Internal Revenue Service to pursue Warren Nichols under § 6672 of the Internal Revenue Code.

A confirmation hearing was held on July 25, 1988, and the court heard argument regarding the objections of the INTERNAL REVENUE SERVICE. The Debtor acknowledged that although the INTERNAL REVENUE SERVICE was not specifically listed as an unsecured creditor in the plan that the Debtor intended to pay its nonpriority claim of $12,503.39 as a Class 3 unsecured creditor. The Debtor agreed that payment of the claims of the INTERNAL REVENUE SERVICE would be made within six years of their assessment as required by the Bankruptcy Code. In response to the INTERNAL REVENUE SERVICE's objection as to the conditional nature of the payment on the promissory note and the avoidable transfers, the Debtor argued that the assets of the Debtor had been sold pursuant to court order and that the INTERNAL REVENUE SERVICE had made no showing that the note was not collectible and noted that Warren Nichols had agreed to make up any shortfall. The Court overruled the objection, noting that the INTERNAL REVENUE SERVICE was receiving all of the assets of the Debtor and that Warren Nichols had agreed to make up any deficiency and concluding that the INTERNAL REVENUE SERVICE was not being harmed in any way.

The INTERNAL REVENUE SERVICE requested that the plan include a neutral representation that if the Debtor defaulted in the terms of the plan, the INTERNAL REVENUE SERVICE would not be precluded from pursuing Warren Nichols on the 100% penalty. The Debtor responded that the INTERNAL REVENUE SERVICE was already pursuing Warren Nichols "on a daily basis" and argued that such a provision would be superfluous because the plan dealt only with the Debtor and not Warren Nichols. The Debtor conceded the right of the INTERNAL REVENUE SERVICE to pursue Warren Nichols for the 100% penalty. The Debtor noted that Warren Nichols, independent of his personal liability under § 6672 had agreed to pay any deficiency. The Debtor pointed out that there was nothing in the plan which released Warren Nichols from his liability under § 6672. After hearing the parties' argument, the Court stated that the Debtor was agreeing that there was nothing in the plan that affected the rights of the INTERNAL REVENUE SERVICE to pursue Warren Nichols under § 6672 of the Internal Revenue Code and that was all the INTERNAL REVENUE SERVICE was entitled to. All the objections having been resolved by agreement of the parties or ruled upon by the Court, the plan was orally confirmed and an order was entered on August 4, 1988.

Annual reports filed by the Debtor indicate that several actions to recover preferential payments were filed by the Debtor and either compromised or dismissed. Those reports indicate that the Debtor was current with payments due under the plan. On September 25, 1992, the Debtor filed a motion seeking to enforce the plan against the INTERNAL REVENUE SERVICE and a determination from the Court that the INTERNAL REVENUE SERVICE cannot collect in excess of $10,012.95, the amount the confirmed plan provided that the Debtor would pay to the INTERNAL REVE-

NUE SERVICE. The Debtor objects to the INTERNAL REVENUE SERVICE's pursuit of Warren Nichols for over $50,000.00, for the 100% penalty imposed by § 6672 of the Internal Revenue Code.

The INTERNAL REVENUE SERVICE opposes the motion on several grounds. First, the INTERNAL REVENUE SERVICE contends that this Court lacks jurisdiction to consider a non-debtor corporate officer's liability under § 6672. Secondly, the INTERNAL REVENUE SERVICE argues that the terms of the Debtor's confirmed plan do not preclude the INTERNAL REVENUE SERVICE from making a "responsible person" assessment. The INTERNAL REVENUE SERVICE also contends that the Debtor lacks standing to contest the tax liability of its non-debtor officers. Alternatively, the INTERNAL REVENUE SERVICE argues that it has not waived its sovereign immunity. Finally, the INTERNAL REVENUE SERVICE asserts that this action is barred by the Anti–Injunction Act (26 U.S.C. § 7421). Because this Court holds that the INTERNAL REVENUE SERVICE prevails on its first argument, this Court does not reach the other points raised.

■ Relying on *In re Brandt–Airflex Corp.*, 843 F.2d 90 (2nd Cir.1988) and *United States v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir.1986), the INTERNAL REVENUE SERVICE maintains that this Court lacks jurisdiction to determine Warren Nichols' liability under § 6672 of the Internal Revenue Code. Discussing the issue of whether § 505(a)[2] of the Bankruptcy Code confers jurisdiction on bankruptcy courts to determine the tax liability of individuals of entities other than the debtor, the court in *In re Brandt–Airflex Corp., supra,* stated:

> The question of whether bankruptcy courts may determine a non-debtor's tax liability arises most frequently in situations where both the debtor and a non-

debtor may be jointly liable for a particular tax obligation. Most of the cases have involved 26 U.S.C. § 6672, pursuant to which those employees with responsibility for paying over the employer's withholding taxes may be held personally liable for the taxes.

In one decision which several other courts found persuasive, a bankruptcy court in California held that under appropriate circumstances, jurisdiction could be exercised under § 505(a) to determine the tax liability of a non-debtor. *See In re Major Dynamics, Inc.*, 14 B.R. 969 (Bankr.S.D.Calif.1981). In *Major Dynamics*, a creditors committee filed a motion in bankruptcy court, seeking to stay IRS audits, assessments and collections directed at the creditors. The court held:

> [T]he jurisdictional grant to this court could ex-tend to tax disputes of third parties other than the debtor *provided, however,* that the IRS activity to be enjoined directly affected the debtor or the estate, and that the exercise of such jurisdiction was necessary to the rehabilitation of the debtor or the orderly and efficient administration of the debtor's estate.

*Id.* at 972.

Several subsequent cases followed the *Major Dynamics* holding, *see, e.g., In re H & R Ice Co.*, 24 B.R. 28 (Bankr. W.D.Mo.1982); *In re Jon Co.*, 30 B.R. 831 (D.Colo.1983); *In re Original Wild West Foods, Inc.*, 45 B.R. 202 (Bankr. W.D.Tx.1984). In all the foregoing cases, the courts were asked to determine the § 6672 tax liability of the debtors' employees, and concluded that they had jurisdiction to do so under 11 U.S.C. § 505(a).

*Major Dynamics*, and the cases which adopted its rationale, relied on a literal interpretation of the clause which states

---

**2.** Section 505(a)(1) of the Bankruptcy Code provides:

> Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to

tax, whether or not previously assessed, whether or not paid, an whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

that a bankruptcy court "may determine the amount or legality of *any* tax ..." 11 U.S.C. § 505(a)(1) (emphasis added). If the bankruptcy court could pass on the legality of *any* tax, the cases reasoned, then the court could certainly exercise jurisdiction over third parties whose tax liability was somehow related to that of the debtor.

In the last few years, however, the consensus has shifted, and virtually all the courts which have considered the issue most recently concluded that § 505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor. (Citations omitted.) Most of these recent cases arose under 26 U.S.C. § 6672 and involved challenges by both debtors and their "responsible" employees to IRS assessments against the employees for withholding taxes.

In [Matter of] *Interstate Motor Freight,* [62 B.R. 805] [ (Bkrtcy. W.D.Mich.1986) ] the bankruptcy court pointed out quite correctly that a literal reading of § 505(a) could lead to absurd results: "[T]aken at face value, without recourse to the legislative history, § 505 makes the Bankruptcy Courts a second tax court system, empowering the Bankruptcy Courts to consider 'any' tax whatsoever, on whomsoever imposed." 62 B.R. at 809.

Section 505(a) was certainly not intended to allow bankruptcy courts to determine the validity of literally *any* tax, no matter who owes it. Moreover, the statute itself says nothing about which classes of nondebtors, if any, could permissibly invoke the bankruptcy court's jurisdiction under § 505(a). A literal reading of the statute, therefore, leads either to unintended results or great uncertainty.

As the above quotation suggests, some guidance is found in the legislative history. Section 505(a) is there described as "permit[ting] determination by the bankruptcy court of any unpaid tax liability *of the debtor.*" S.Rep. No. 95–989, 95th Cong., 2d Sess. 67, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5853; H.R.Rep. No. 95–595, 95th Cong.,

2d Sess. 356, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6312 (emphasis added). In light of this statement, it makes far more sense to read § 505(a) as limiting the bankruptcy court's jurisdiction, than to accord it the unrestricted reading favored by *Major Dynamics.*

Since the rendering of the court's decision in *In re Brandt–Airflex Corp.,* other courts ruling on the issue have reached similar results. *See In re Goldblatt Bros., Inc.,* 106 B.R. 522 (Bkrtcy.N.D.Ill.1989), and cases cited therein at p. 527–28. This Court is persuaded by the reasoning in *Brandt–Airflex* and holds that it has no jurisdiction to determine the liability of Warren Nichols under § 6672.

■ The Debtor, in its motion, seeks to apply the doctrine of *res judicata* to prevent the INTERNAL REVENUE SERVICE from pursuing Warren Nichols for more than $10,012.95, the amount provided to be paid under the plan. The Debtor's position is simply not tenable. In *Turchon v. U.S.,* 77 B.R. 398 (E.D.N.Y.1987), *aff'd without opinion,* 841 F.2d 1116 (2d Cir. 1988), a case involving the filing of a Chapter 13 by a "responsible person" of a previous Chapter 11 corporate debtor, the Court denied the Chapter 13 debtor's motion to expunge a claim filed by the Internal Revenue Service for taxes relating to the debtor's § 6672 liability as to the Chapter 11 debtor. The debtor argued that because the court had entered an order fixing the amount of the claim in the Chapter 11 corporate debtor's case and the Internal Revenue Service had been paid in full, the Internal Revenue Service could not seek additional sums from the Chapter 13 debtor under § 6672 for unpaid interest on the Chapter 11 corporate debtor's liability. Rejecting the debtor's position, the court stated:

Courts have uniformly held that the liability of a responsible person imposed by § 6672 is separate and distinct from [that] imposed upon the employer. *Monday v. United States,* 421 F.2d 1210, 1218 (7th Cir.), *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48 (1970); *Spivak v. United States,* 370 F.2d 612, 615 (2d

Cir.), *cert. denied,* 387 U.S. 908, 87 S.Ct. 1690, 18 L.Ed.2d 625 (1967); *Datlof v. United States,* 370 F.2d 655, 656 (3d Cir. 1966); *cert. denied,* 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624 (1967); *Kelly [v. Lethert],* supra, [362 F.2d 629] at 635 [(8th Cir.1966)]; *Abramson v. United States,* 48 B.R. 809, 814 (E.D.N.Y.1985). The IRS therefore has no obligation to collect from the employer before assessing a responsible person under § 6672., *Datlof, supra,* and the separate nature of tax liabilities imposed on responsible persons precludes their assertion of a satisfaction of employer liability as satisfaction of their individual liability. *Monday, supra; see Spivak, supra* (holding government compromise of tax claim against corporation in bankruptcy does not preclude it from subsequent recovery from responsible corporate officers). Therefore the bankruptcy court erred in holding that absent a liability running from the employer for taxes, [the Chapter 13 debtor] was not liable for unpaid interest on the tax assessment against him.

[The Chapter 13 debtors] further assert that the doctrines of *res judicata,* merger and bar prevent [the Internal Revenue Service] from asserting its claim for interest. However, in light of [the Chapter 13 debtor's] separate and distinct liability for the tax, and the fact that the [Chapter 11 corporate debtor] proceeding only involved [the Chapter 11 debtor's] liability, the bankruptcy court order fixing the IRS claim against [the Chapter 11 debtor] does not bar the instant claim against [the Chapter 13 debtor]. The bankruptcy court simply did not determine [the Chapter 13 debtor's] independent liability to the IRS, and the IRS had no obligation to first seek to collect from [the Chapter 11 debtor.]

Moreover, the Debtor's attempt to get the relief it seeks here under the guise of "enforcing the plan" is patently incorrect in light of what transpired at the confirmation hearing. There, the Debtor explicitly agreed that there was nothing in the terms of the plan to prohibit the INTERNAL REVENUE SERVICE from pursuing War-

ren Nichols. That is exactly what it has done and the issues remaining regarding his liability under § 6672 must be resolved by another court.

For the foregoing reasons, the Debtor's Motion must be denied.

This Opinion is to serve as Findings of Fact and Conclusions of Law pursuant to Rule 7052 of the Rules of Bankruptcy Procedure.