## In re CADILLAC RECREATION, INC., Debtor.

### No. 93–1186.

United States District Court,
C.D. of Illinois,
Peoria Division.

Aug. 12, 1993.

Bret S. Babcock, Law Offices of Bret S. Babcock, Peoria, IL, for appellant.

Gerard A. Brost, Asst. U.S. Atty., Peoria, IL, Calvin C. Curtis, Tax Div. U.S. Dept. of Justice, Washington, DC, for appellee.

## ORDER

McDADE, District Judge.

This matter is before the Court on appeal from a ruling by United States Bankruptcy Judge William V. Altenberger. The Court has jurisdiction over this appeal pursuant to Bankruptcy Rule 8001(a) and 28 U.S.C. § 158(a). Appellant argues that the bankruptcy court erred in deciding that it did not have jurisdiction to determine the liability of a non-debtor under 26 U.S.C. § 6672(a).

The standard of review of a bankruptcy court ruling is governed by Bankruptcy Court Rule 8013, which states:

> On an appeal the district court or bankruptcy appellate panel may affirm, modify or reverse a bankruptcy court's judgment, order or decree or remand with instructions for further proceedings. Findings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the bankruptcy court to judge the credibility of the witness.

11 U.S.C. Rule 8013. The Seventh Circuit in *Matter of Boomgarden*, 780 F.2d 657 (7th Cir.1985), states: "[W]e must accept the bankruptcy court's findings of fact unless they are clearly erroneous.... We can, however, apply *de novo* review to conclusions of law of any lower court." *Id.* at 660 (citations omitted).

## BACKGROUND

On January 19, 1988, Cadillac Recreation, Inc. (Appellant) filed a Chapter 11 Plan of Reorganization. The plan provided for payment of the priority tax claim of the Internal Revenue Service (IRS) consisting of unpaid withholding taxes which totalled $40,005.69, by means of a $100 deposit previously paid, a pro-rata cash distribution estimated to be $1,438.19, proceeds to be received from a promissory note which Appellant valued at $28,454.55, and periodic installment payments. Warren Nichols, the president and major shareholder of Appellant, agreed to pay the "balance" of the priority tax claims "[t]o the extent assets of DEBTOR are unavailable to [do so]." (Plan of Reorganization at 4). The IRS objected to the plan arguing, among other objections, that the plan failed to recognize the right of the IRS "to take action, if necessary, against the major stockholder, in accordance with 26 U.S.C. § 6672." At a July 25, 1988 confirmation hearing, the Appellant stated that there was nothing in the plan that affected the rights of the IRS to pursue Mr. Nichols under § 6672. (Confirmation Hearing at 8–9). All the objections having been resolved by agreement of the parties or ruled upon by the Court, the plan was orally confirmed and an Order was entered on August 4, 1988.

On November 11, 1988, Appellant assigned the promissory note at issue to the IRS. Government counsel has been "informally advised that the IRS has received no payments pursuant to the debtor's plan since December of 1990, and that a total of approximately $3,871.63 has been paid toward satisfaction of the priority tax claim." (Brief for the Appellee at 4). The IRS is now attempting to collect from Mr. Nichols as a "responsible person" under § 6672. The IRS has assessed a penalty of $51,-9997.16 against Mr. Nichols.

On September 25, 1992, Appellant filed a motion in bankruptcy court seeking to enforce the plan against the IRS and seeking a determination that the amount of any § 6672 liability assessed against Mr. Nichols be limited to $10,012.95, the amount the confirmed plan provided that the Appellant would pay to the IRS. The bankruptcy court held that it lacked jurisdiction to determine the § 6672 liability of Mr. Nichols. *In re Cadillac Recreation, Inc.*, 153 B.R. 824 (Bankr.C.D.Ill.1993). The bankruptcy court concluded that 11 U.S.C. § 505(a), the jurisdictional provision relied upon by Ap-

pellant, does not provide bankruptcy court jurisdiction to determine the tax liability of a non-debtor. *Id.* at 827. Additionally, the bankruptcy court examined and rejected Appellant's argument that the doctrine of *res judicata* prevents the IRS from pursuing liability against Mr. Nichols for more than the amount provided to be paid under the plan. *Id.* at 828–29. Appellant appealed the final order of the bankruptcy court to this Court.

## ANALYSIS

The Internal Revenue Code requires employers to withhold from their employees' paychecks money representing employees' personal income and social security taxes. 26 U.S.C. §§ 3102(a), 3402(a). These taxes are held in trust for the United States, and therefore are commonly called "trust fund" taxes. 26 U.S.C. § 7501(a). *See U.S. v. Energy Resources Co.,* 495 U.S. 545, 545, 110 S.Ct. 2139, 2140, 109 L.Ed.2d 580 (1990). "Once net wages are paid to the employee, the taxes withheld are credited to the employee regardless of whether they are paid by the employer, so that the IRS has recourse only against the employer for their payment." *Slodov v. U.S.,* 436 U.S. 238, 243, 98 S.Ct. 1778, 1783, 56 L.Ed.2d 251 (1978). In such a situation where the employer has failed to pay the "trust fund" taxes, the Internal Revenue Code provides the I.R.S. with a remedy against the officers or employees who are responsible for collecting the tax. The "responsible person" is liable for an amount equal to the trust fund taxes that were not paid over to the government.

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a).

"Despite its denomination as a 'penalty' assessment, the statutory liability imposed by Section 6672 is essentially civil in nature. [citation omitted] Its basic purpose is protection of governmental revenue." *Monday v. U.S.,* 421 F.2d 1210, 1216 (7th Cir.1970) (holding that "reasonable cause" or "justifiable excuse" would not preclude liability of the corporation's president for failure to pay withheld social security taxes). The liability imposed by § 6672 is personal to the individual taxpayer and is "separate and distinct" from that imposed upon the employer under § 3403. This personal liability is not dependent upon rules governing the liability of the employer. *Id.* at 1218. *See also U.S. v. Huckabee Auto Co.,* 783 F.2d 1546, 1549 (11th Cir.1986); *Bradley v. U.S.,* 936 F.2d 707, 710 (2d Cir.1991). The IRS need not pursue collection from the employer prior to assessing § 6672 liability.[1] *Calderone v. U.S.,* 799 F.2d 254, 257 (6th Cir.1986); *Huckabee,* 783 F.2d at 1549; *Monday,* 421 F.2d at 1218.

### *Jurisdiction of the Bankruptcy Court*

Appellant seeks a determination from the bankruptcy court that Mr. Nichols' liability be limited to the amount Appellant agreed to pay to the IRS in the bankruptcy plan. Appellant's Brief at 6. The bankruptcy court held that it lacked jurisdiction to determine appellant's liability under § 6672 based on its interpretation of its jurisdictional grant under 11 U.S.C. § 505(a)(1). *Cadillac,* 153 B.R. at 828. The statute provides in relevant part:

> the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to a tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

before assessing § 6672 liability against Mr. Nichols is incorrect. (Appellant's Reply at 1).

---

1. Therefore, Appellant's argument that the IRS must first pursue collection on Appellant's note

§ 505(a)(1). The bankruptcy court held that § 505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor. *Cadillac*, 153 B.R. at 828. The Court agrees with this interpretation of § 505(a).[2]

As pointed out in *In re Brandt–Airflex Corp.*, 843 F.2d 90 (2nd Cir.1988), "virtually all the courts which have considered the issue most recently [have] concluded that § 505(a) does not extend the bankruptcy court's jurisdiction to parties other than the debtor." *Id.* at 95. *See e.g., U.S. v. Huckabee Auto Co.*, 783 F.2d 1546 (11th Cir. 1986) (holding that Section 505(a) does not confer bankruptcy court jurisdiction to determine the 26 U.S.C. § 3505 liability of a non-debtor); *In re Success Tool & Manufacturing Company*, 62 B.R. 221 (N.D.Ill. 1986) (bankruptcy court had no jurisdiction to enjoin United States from collecting penalty). *See also Quattrone Accountants, Inc. v. I.R.S.*, 895 F.2d 921 (3d Cir.1990) (holding that § 505(a) neither denies nor grants bankruptcy court jurisdiction to determine tax liability of non-debtors). A literal reading of § 505(a) to include parties other than the debtor would result in making the bankruptcy courts a second tax court system—a result not intended in the creation of § 505(a).[3] *See Brandt–Airflex,* 843 F.2d at 96. Moreover, the statute itself is silent as to which non-debtors, if any, could invoke the bankruptcy court's jurisdiction under § 505(a). "A literal reading of the statute, therefore, leads either to unintended results or great uncertainty." *Id.* at 96. The Court accepts the reasoning of the bankruptcy court and holds that § 505(a) does not grant bankruptcy court jurisdiction to determine the tax liability of non-debtors.

 The *res judicata* argument raised by Appellant concerns the determination of Mr. Nichols' liability under § 6672 and, therefore, is an issue over which the bankruptcy court did not have jurisdiction. The Court, therefore, will not discuss this issue.

### CONCLUSION
For the above stated reasons, the decision of the bankruptcy court is **AFFIRMED.** The Clerk of the Court is directed to enter judgment in favor of Appellee and against Appellant. **CASE TERMINATED.**

---

**2.** The IRS makes additional arguments: Appellant lacks standing to contest the tax liability of its non-debtor officers; the IRS has not waived its sovereign immunity; and the action is barred by the Anti–Injunction Act (26 U.S.C. § 7421). The Bankruptcy Court did not deal with any of these issues. Because this Court holds that the IRS prevails on its first argument, lack of subject matter jurisdiction, the Court also does not reach these other issues.

**3.** In the legislative history, § 505(a) is described as "permit[ting] determination by the bankruptcy court of any unpaid tax liability of the *debtor.*" S.Rep. No. 95–989, 95th Cong., 2d Sess. 67, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5787, 5853; H.R.Rep. No. 95–595, 95th Cong., 2d Sess. 356, *reprinted in* 1978 U.S.Code Cong. & Admin.News 5963, 6312 (emphasis added). There is no indication from this language that Congress intended a broad jurisdictional grant that would include non-debtors. *See Quattrone,* 895 F.2d at 925–26.