**In re John LAVOIE, Debtor.**

**John LAVOIE, Appellant,**

**v.**

**UNITED STATES of America, Appellee.**

**No. CV–95–224–TUC–WDB.**

United States District Court,
D. Arizona.

Nov. 9, 1995.

D. Gardner Foulke, Greenburg & Associates, Tucson, AZ, for John Lavoie.

Eric M. Casper, U.S. Dept. of Justice, Tax Division, Washington, DC, for the U.S.

## ORDER AND OPINION

BROWNING, District Judge.

Debtor appeals the bankruptcy court's decision ordering the Parties to litigate their tax dispute in the district court. The Court will reverse the bankruptcy court's decision and grant some, but not all, of the relief requested for the following reasons.

## I. BACKGROUND.

This appeal arises out of a Chapter 11 case wherein one of the largest creditors is the United States Government (through the Internal Revenue Service hereafter "the Service") which claims it is owed certain taxes. The Parties were preparing to litigate Debtor's tax liability in the bankruptcy court via 11 U.S.C. § 505. However, fearing that the bankruptcy court might be unable to resolve the matter, Debtor, on June 8, 1994, filed a "Motion for Leave to File Complaint." Specifically, in that Motion, Debtor sought leave to file a " 'protective' filing" in district court that "would in fact protect the Debtor's claim if, for example, the bankruptcy case were dismissed...." The Debtor, however, was not shy about his intentions regarding where he believed the matter ought to be resolved:

> To be clear about this matter, the Debtor intends and desires to resolve the matter in Bankruptcy Court ... However, so to ensure that his rights to adjudicate this matter in the contingency that this bankruptcy case were to conclude without having had this issue adjudicated, the Debtor sees no option but to file a protective refund action in Federal District Court.

June 8, 1994 Motion at 3. The bankruptcy court granted the Motion and, apparently

unbeknownst to the Parties, issued an Order *requiring* the Parties to litigate the claim in district court. July 7, 1994 Order.

Several months later, on October 11, 1994, the bankruptcy court issued an order requiring compliance with its July 7, 1994 Order, thereby alerting the Parties to the July 7th Order's existence, apparently for the first time. Debtor, in response, filed his November 15, 1994 "Motion to Clarify and/or to Amend Order of July [7], 1994 Regarding Litigation of IRS Claim" in which he explained that he had not intended to litigate the tax claim in district court, but instead, only sought permission to do so if it became necessary. Debtor asked that the bankruptcy court amend its previous order and allow the Parties to litigate the claim in bankruptcy court.

The bankruptcy court, ultimately treating the Debtor's November 15, 1994 Motion as one to reconsider, denied it, thus requiring the Parties to proceed in district court. Debtor appealed and requests this Court to order the bankruptcy court to litigate the matter pursuant to 11 U.S.C. § 505. The Service has no position on the matter. This Court has jurisdiction pursuant to 28 U.S.C. § 158.

## II. ANALYSIS.

■ 11 U.S.C. § 505 reads, in pertinent part:

(a)(1) Except as provided in paragraph (2) of this subsection, the court *may* determine the amount or legality of any tax, any fine, or penalty relating to tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction.

(2) The court may not so determine—

(A) the amount of a tax, fine, penalty, or addition to tax if such amount or legality was contested before and adjudicated by a judicial or administrative tribunal of com-

petent jurisdiction before the commencement of the case under this title;

. . . . .

(Emphasis added).

The bankruptcy court has discretion in deciding whether to hear the matter pursuant to 11 U.S.C. § 505(a)(1).[1] *See, e.g., In re Galvano,* 116 B.R. 367, 372–73 (Bankr. E.D.N.Y.1990); *see also In re Marcellus Wood & Trucking, Inc.,* 158 B.R. 650, 654 (Bankr.W.D.Mich.1993); *In re Swan,* 152 B.R. 28, 30 (Bankr.W.D.N.Y.1992); *In re El Tropicano,* 128 B.R. 153, 161 (Bankr. W.D.Tex.1991); *In re Queen,* 148 B.R. 256, 258 (S.D.W.Va.1992), *aff'd,* 16 F.3d 411 (4th Cir.1994). Here, however, it is very clear that the bankruptcy court was not exercising its discretion when it decided that the tax matter should be litigated in district court. Instead, the bankruptcy court was under the misunderstanding that the Parties desired to proceed in district court and acquiesced to their misconstrued request.

■ The Court, therefore, will remand the matter back to the bankruptcy court with instructions to reconsider it in light of the Parties' true intentions. The bankruptcy court may consider abstention, in which case, it should look at: (1) the complexities of the tax issues to be decided; (2) the need to administer the case in an orderly and efficient manner; (3) the burden on the bankruptcy court's docket; (4) the length of time required to resolve the matter; (5) the asset and liability structure of the debtor; and (6) the prejudice to the debtor and potential prejudice to the taxing authority. *In re Galvano,* 116 B.R. at 372. The last factor, prejudice, may be particularly important here, where it unclear whether the Parties can now adequately resolve the matter in district court and where it appears that the matter is in a posture to be immediately resolved in bankruptcy court.

## III. CONCLUSION.

Accordingly, IT IS ORDERED that the bankruptcy court's March 7, 1995 Order is REVERSED and the bankruptcy court is to reconsider the matter in a manner consistent

---

1. No question as to the applicability of 11 U.S.C. § 505(a)(2) is raised here.

with this Order and make appropriate findings if the bankruptcy court abstains;

Having resolved this appeal, IT IS FURTHER ORDERED that this matter is DISMISSED.