In re Debra A. WILLIAMS, Debtor.

Debra A. WILLIAMS, Plaintiff,

v.

UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.

Bankruptcy No. 95–22338–BM. Adv. No. 95–02334–BM.

United States Bankruptcy Court, W.D. Pennsylvania.

Dec. 28, 1995.

Dolores Innamorato, Olds & Innamorato, Pittsburgh, PA, for Plaintiff.

Robert S. Attardo, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, Frederick W. Thieman, United States Attorney, Western District of Pennsylvania, Pittsburgh, PA, Michelle O. Gutzmer, Assistant U.S. Attorney, Pittsburgh, PA, for the U.S., I.R.S.

### MEMORANDUM OPINION

BERNARD MARKOVITZ, Bankruptcy Judge.

United States of America, Internal Revenue Service (hereinafter "IRS") has brought a motion requesting the court to abstain from hearing the above adversary action in which debtor seeks a determination of her liability for unpaid employee withholding taxes.

Debtor opposes the motion and alleges that she will be unduly prejudiced if we grant the motion and abstain.

IRS' motion will be granted for reasons set forth below.

–I–

### FACTS

Debtor filed a voluntary chapter 7 petition on June 28, 1995. A chapter 7 trustee was appointed shortly thereafter. The schedules accompanying the petition indicate that debtor has assets with a declared value of $29,200.00 and that her liabilities total $95,975.54.

Schedule D, Creditors Holding Secured Claims, indicates that debtor owes a total of $26,124.07 to three secured creditors. Schedule E, Creditors Holding Unsecured Priority Claims, lists IRS as having a fixed and liquidated priority claim in the amount of $1,464.66 for unpaid federal incomes taxes owed for 1993 and 1994. IRS also is listed as having a disputed priority claim in the amount of $68,154.53 for unpaid employee withholding taxes for 1988 through 1991. Schedule F, Creditors Holding Unsecured Nonpriority Claims, lists Kaufmann's department store as having a fixed and liquidated claim in the amount of $232.28.

Only five creditors are listed on the schedules. The vast majority of the scheduled debt—i.e., seventy-one percent of it—is owed to IRS for unpaid employee withholding taxes. Less than one percent is owed to general unsecured creditors. The remainder is owed to secured creditors.

Debtor has reaffirmed the debts owed to all of her secured creditors and to her sole general unsecured creditor. She has not reaffirmed her obligations to IRS and has claimed various exemptions in virtually all of her assets, including a pension with a declared value of $23,000.00. The pension comprises nearly seventy-nine percent of the declared value of her assets.

Debtor's total net monthly income exceeds her monthly expenses by $514.23. Schedule I, Current Income, indicates that debtor's monthly net income is $2,729.64. Schedule J, Current Expenditures, lists monthly expenses of $2,215.41.

According to debtor's statement of financial affairs, IRS issued a notice of levy to debtor's employer on May 16, 1995, approximately five weeks before she filed her chapter 7 petition, and began garnishing $925.00 from debtor's wages to satisfy her alleged tax debt to IRS.

On September 7, 1995, debtor commenced the above adversary action to determine her liability to IRS for the above unpaid employee withholding taxes. Debtor denies that she is liable for these unpaid taxes and insists that the assessment was improper under the law. She asserts that she was not an officer of Accu–Care Nursing, Inc.; that she was not involved in its operations; and that she had no authority to direct payments to IRS for employee withholding taxes or to direct payment to any other creditor of Accu–Care Nursing. Debtor asserts that her husband, who is not a debtor in this court, owned and operated Accu–Care Nursing and was solely responsible for paying employee withholding taxes.

On October 11, 1995, before answering the complaint, IRS brought the present motion requesting that we abstain from exercising jurisdiction to hear and decide debtor's complaint and to dismiss it instead.

A hearing on IRS' motion and debtor's opposition thereto was held on December 12, 1995.

–II–

## DISCUSSION

The complaint in the above adversary action is brought pursuant to § 505(a) of the Bankruptcy Code, which provides in pertinent part as follows:

(a)(1) Except as provided in paragraph (2) of this subsection, the court may determine the amount or legality of any tax, any fine or penalty relating to a tax, or any addition to tax, whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal of competent jurisdiction. . . .

11 U.S.C. § 505.

■ This provision expressly states that we "may" determine the amount or legality of a tax. We are not required to do so. Our authority to determine the legality of a debtor's tax liability is discretionary. *See In re Swan*, 152 B.R. 28, 30 (Bankr.W.D.N.Y.1992). Abstention is permissible under appropriate circumstances.

■ IRS argues that we should abstain because the outcome of this case will have no effect whatsoever upon administration of the bankruptcy estate as this is a no-asset case. Abstention, it asserts, will not deprive debtor of all opportunity to litigate this dispute. Other administrative and judicial forums wherein debtor may contest her tax liability are available.

Debtor concedes that this is a no-asset case and that the outcome of this case will not result in any distribution either to IRS or to any other creditor. She nonetheless insists that we should not abstain because the issues in this case are neither difficult nor complex; because a lengthy period of time would not be needed to try the case; and because she would suffer "extreme prejudice" if we abstained. Her only opportunity to contest the tax liability other than in this court, debtor insists, would be in federal district court, where she could seek a refund.

Before she can do this, however, debtor avers that she will have to pay the entire amount of the tax that purportedly is due and owing. Requiring her to proceed in the district court, she concludes, effectively would deprive her of the opportunity to contest the tax liability because she lacks the wherewithal to pay such a tax.

The circumstances present in this case persuade us that abstention is warranted.

■ General unsecured creditors, not the debtor, are the intended beneficiaries of § 505(a). *See In re El Tropicano Inc.*, 128 B.R. 153, 161 (Bankr.W.D.Tex.1991). Bankruptcy courts uniformly have refused to exercise jurisdiction in § 505(a) actions when it is obvious that the intended beneficiaries unquestionably will derive no benefit from the outcome of the case. *See, e.g., In re Swan, supra; In re Millsaps*, 133 B.R. 547, 554 (Bankr.M.D.Fla.), *aff'd*, 138 B.R. 87 (M.D.Fla.1991); *In re Cain*, 142 B.R. 785, 789 (Bankr.W.D.Tex.1992).

As was noted previously, debtor has only one general unsecured creditor to which she owes $232.28. This creditor will not benefit from the outcome of this case because debtor has reaffirmed her obligation to it and has agreed to pay the creditor in full in installments.

■ Moreover, this is a no-asset case. Abstention is especially appropriate in such cases. *See, e.g., In re Kaufman*, 115 B.R. 378, 379 (S.D.Fla.1990). Hearing and deciding this case will not further any bankruptcy interest. No assets will be made available for distribution to creditors if debtor prevails. Conversely, no assets will be available to satisfy the debt owed to IRS should it prevail. Creditors will receive no distribution from the estate under either scenario. *See In re Queen*, 148 B.R. 256, 259 (S.D.W.Va.1992), *aff'd*, 16 F.3d 411 (4th Cir. 1994). Debtor will be the only beneficiary if she prevails in this adversary action.

■ One of the primary purposes of § 505(a) is to avoid delays in the administration of the bankruptcy estate by providing a forum where certain tax liability disputes may be decided expeditiously. *See In re*

*Diez,* 45 B.R. 137, 139 (Bankr.S.D.Fla.1989). Congress did not intend for a bankruptcy court to provide a forum for such litigation when the outcome of the case will have no impact upon administration of the bankruptcy case. *See In re Millsaps,* 133 B.R. at 554.

Requiring debtor to litigate her dispute with IRS in another forum will have no effect upon the administration of debtor's bankruptcy estate. Administration will neither be hampered nor facilitated. We will not have to await the outcome of litigation in some other court concerning debtor's tax liability before closing this bankruptcy case because no assets are or will be available for distribution to creditors.

. Some bankruptcy courts have looked to the following factors when considering whether to abstain from hearing and deciding a tax dispute:

(1) the complexity of the issues to be decided:

(2) the need to administer the bankruptcy case in an orderly and efficient manner;

(3) the burden on the bankruptcy court's docket;

(4) the length of time required for trial and decision;

(5) the asset and liability structure of the debtor; and

(6) any prejudice to debtor and potential prejudice to the taxing authority.

*See, e.g., In re Hunt,* 95 B.R. 442, 445 (Bankr.S.D.Tex.1989); *In re Galvano,* 116 B.R. 367, 372 (Bankr.E.D.N.Y.1990); *In re AWB Associates, G.P.,* 144 B.R. 270, 277 (Bankr.E.D.Pa.1992).

Debtor concedes that factors (2) and (5), above, favor abstention but insists that the remaining factors—i.e., (1), (3), (4), and (6)—favor our hearing and deciding this adversary action. According to debtor, the above factors on balance indicate that we should hear and decide this case rather than abstain.

Factors (1), (3), and (4) do suggest that we should hear and decide this case rather than abstain. The issues presented are neither novel nor complex. We are familiar with the governing law and have decided similar cases. *See In re Brown,* 130 B.R. 456 (Bankr.W.D.Pa.1991); *In re Quattrone Accountants, Inc.,* 88 B.R. 713 (Bankr.W.D.Pa. 1988), *aff'd,* 100 B.R. 235 (W.D.Pa.1989), *aff'd,* 895 F.2d 921 (3d Cir.1990); *In re Clate,* 69 B.R. 506 (Bankr.W.D.Pa.1987). Also, the time required to try and decide the case would not be unduly lengthy. We anticipate that the matter can be tried in less than a full day and would be decided relatively promptly. Our docket is not so overburdened that we would have difficulty scheduling the case for trial and then deciding it.

Factor (6), above, does not obviously favor debtor in this instance. Any prejudice debtor might experience from having to seek a refund in the district court in our estimation is not as severe as she avers. IRS asserted on the record at the hearing on its motion that debtor would not have to pay the full amount of the tax allegedly owed before requesting a refund and challenging her liability in the district court. According to its counsel, debtor need only pay the withholding tax owed for only one employee of Accu-Care Nursing for a single quarter.[1] There is a reasonable likelihood that the $925.00 garnished from debtor's wages prior to the filing of debtor's chapter 7 petition is sufficient for this purpose. Although debtor most likely will have to pay a filing fee if she commences action in the district court, she has the funds to pay it. Her monthly income exceeds her expenses by more than five hundred dollars.

Any nominal prejudice debtor might suffer if we abstain must be weighed against the considerable prejudice IRS might suffer if we hear and decide this matter. IRS avers that debtor is not the only individual who may be responsible for the unpaid employee withholding taxes. It asserts that debtor's husband, who is not a debtor in this court, is liable even if debtor is not.

---

1. We have relied upon this representation by counsel to IRS in arriving at our decision to grant its motion to abstain.

■ We lack jurisdiction to hear and decide the tax liability of a nondebtor spouse. *See In re Educators Inv. Corp.,* 59 B.R. 910, 914 (Bankr.D.Nev.1986); *also In re Quattrone, supra; In re Cadillac Recreation, Inc.,* 159 B.R. 244 (C.D.Ill.1993); *In re Julien Company,* 136 B.R. 760 (Bankr. W.D.Tenn.1991); *In re S & S 31 Flavors, Inc.,* 118 B.R. 202 (Bankr.E.D.N.Y.1990). Consequently, IRS would not be able to join debtor's husband as a third-party defendant so that we could decide his responsibility for the unpaid employee withholding taxes along with debtor's.

Were we to hear and decide debtor's tax liability, the possibility arises that the decision we render as to debtor will be inconsistent with the decision some other court might render as to debtor's husband. We might find that debtor is not responsible for the taxes while the other court might find that her husband is not a responsible person either. The probability of this occurring is greatly diminished if we abstain and debtor brings action in another court, where IRS could join debtor's husband.

Our decision to abstain would be no different even if the prejudice debtor might experience if we abstain were greater than the potential prejudice to IRS if we hear and decide this adversary action. As far as we are able to determine, there are no reported decisions in which a bankruptcy court has exercised its jurisdiction under § 505(a) in a no-asset case. Courts appear to be in universal agreement that abstention is warranted in such a situation. In our estimation, debtor's asset and liability structure and the concomitant lack of effect upon the administration of the bankruptcy estate outweigh all other factors combined. Together they tip the balance in favor of abstention.

Perhaps the most persuasive argument against abstention, one not articulated by debtor, is that the case presently is before us and that we have the time and requisite familiarity with the governing law to decide it expeditiously. Abstaining, the argument continues, will only increase the burden on an already overburdened district court docket. While we are cognizant of and sensitive to this problem, we nonetheless are convinced that we should abstain because deciding this case will not serve the primary purpose for which § 505(a) was enacted.

Debtor unquestionably has engaged in blatant forum shopping. She has filed for bankruptcy solely for the purpose of litigating her tax liability in this court without first paying any of her tax liability. It would be inappropriate for us to hear and decide her complaint.